151 So.2d 634 (1963)
In re CRIMINAL PROCEDURE, RULE NO. 1.
Supreme Court of Florida.
April 1, 1963.
PER CURIAM.

ORDER
The following rule of criminal procedure is hereby approved and adopted, to wit:

CRIMINAL PROCEDURE RULE NO. 1.
A prisoner in custody under Sentence of a court established by the Laws of Florida claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or Laws of the United States, or of the State of Florida, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
A motion for such relief may be made at any time.
Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the prosecuting attorney of the court, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. *635 If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.
A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.
The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.
An appeal may be taken to the appropriate appellate court from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.
An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this rule, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.
This rule shall not apply to municipal courts.
The foregoing rule shall become effective upon the filing of this order.
It is so ordered.
ROBERTS, C.J., and TERRELL, THOMAS, DREW, THORNAL, O'CONNELL and CALDWELL, JJ., concur.