**Adolphus BROOKS, Appellant,**

**v.**

**L. L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Appellee.**

**No. 21817.**

United States Court of Appeals Fifth Circuit.

May 12, 1965.

Irwin J. Block, Miami, Fla., for appellant.

George R. Georgieff, Reeves Bowen, Asst. Attys. Gen., Earl Faircloth, Atty. Gen., Tallahassee, Fla., for appellee.

Before TUTTLE, Chief Judge, and PHILLIPS,* and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

August 29, 1961, in the Circuit Court of Duval County, Florida, the appellant, Adolphus Brooks, was sentenced to death for the rape of a three year old Negro

---

* Senior Judge of the Tenth Circuit, sitting by designation.

child. On direct appeal, the Supreme Court of Florida affirmed the conviction October 24, 1962, and denied a rehearing December 14, 1962. Brooks v. State, Fla. 1962, 146 So.2d 895. June 20, 1963, the Supreme Court of Florida denied, without opinion, Brooks's application for leave to petition the trial court for a writ of error coram nobis based on newly discovered evidence.[1] Brooks v. State, Fla. 1963, 155 So.2d 613. Brooks then attempted to appeal to the Supreme Court of United States. The Court treated the appeal as a petition for writ of certiorari, and denied the writ. Brooks v. Florida, 1964, 376 U.S. 187, 84 S.Ct. 638, 11 L. Ed.2d 603.

Brooks's trial counsel apparently considered that their services were at an end after the Supreme Court's denial of certiorari, for March 8, 1964, Brooks filed a handwritten petition pro se for writ of habeas corpus in the United States District Court for the Middle District of Florida. The district court returned this petition informally with the suggestion that available state remedies, especially resort to Florida Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix, should first be exhausted. Brooks, again in proper person, addressed a motion to vacate to the Circuit Court of Duval County. The motion was denied March 27, 1964. Brooks then filed a petition for habeas corpus in the district court.

Brooks was under sentence to die during the week commencing April 13, 1964.

The district court, finding that it would be impossible for the petitioner to exhaust Florida remedies still available to him before April 13,[2] stayed the execution and ordered the respondent, L. L. Wainwright, to show cause, by his response why the writ of habeas corpus should not issue. The Attorney General of Florida attached to his response, pleadings, exhibits, transcripts, and statements relating to the trial and review proceedings.

On the basis of the record and files furnished by the Attorney General of Florida, the district judge concluded that the petitioner "had a fair trial in the courts of Florida, attended by all constitutional safeguards", and that "his claims of denial of federally guaranteed rights have been fully examined by adequate post-conviction review in the courts of Florida".[3] The district court therefore denied the petition for writ of habeas corpus and denied the issuance of the certificate of probable cause, but granted leave to appeal in forma pauperis and extended the stay of execution in order to permit the petitioner to apply for a certificate of probable cause.

Brooks, still not represented by counsel, filed a notice of appeal May 18, 1964. This Court appointed as counsel the Honorable John L. Briggs of Jacksonville, Florida, for the purpose of representing Brooks in his application for a certificate of probable cause. The brief in support of the petitioner's request for a certificate of probable cause contained grounds

---

1. The application for a writ of error coram nobis stated that one James Newsome, alias "Jim Daddy Goatee", whose name appears all through the record of the trial, had recently been found, after a diligent search. Allegedly, Newsome had knowledge that would have greatly altered the findings of the jury in the initial trial, had he testified at that time.

2. The district judge pointed out that "in ordinary circumstances" Florida remedies available to the petitioner include an appeal to the First District Court of Appeal of Florida, followed by a petition for certiorari to the Supreme Court of Florida.

3. The petitioner raised only three points in his petition for habeas corpus:
   1. That he was deprived of his constitutional rights to produce witnesses in his defense by refusal of the trial court to grant his petition for Writ of Error Coram Nobis.
   2. That there was an unnecessary and unlawful delay in taking the Petitioner before a Magistrate following his arrest.
   3. That he was wrongfully refused the right to be medically examined immediately after his arrest in order to preserve and establish evidence that he had not been, immediately before, engaged in an act of sexual intercourse.

for relief not mentioned in Brooks's poorly drafted petition for writ of habeas corpus.[4] The Court issued its certificate of probable cause August 6, 1964, granting the appellant leave to appeal in forma pauperis. On appeal, the appellant is represented by the Honorable Irwin J. Block of Miami, Florida, unpaid counsel, serving at the request of a Committee of the Florida Bar Association.[5]

A prisoner seeking habeas corpus relief is entitled to an evidentiary hearing on constitutional contentions based on facts outside of the record. Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 restricts the federal district court's discretionary authority to rely on the state court record and evidentiary hearing:

> "Where the facts are in dispute, the federal court on habeas corpus *must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding.* In other words a federal evidentiary hearing is required unless the state-court trier of fact has after a full hearing reliably found the relevant facts." 372 U.S. at 312, 83 S.Ct. at 757.[6]

4. Counsel for petitioner contended in his brief: Inasmuch as the District Court, in its original order of April 9, 1964, stated "determination of these questions is not possible upon the record before me", it is apparent that for the purpose of determining whether proper cause exists, it is essential to establish all the facts the Petitioner attempted to raise. Does not justice, in the face of these allegations, raise these additional issues?

4. In the absence of a hearing affording the Petitioner opportunity to give testimony, his allegations of fact contained in his Petition should be traversed by sworn Answer of the Respondent.

5. Inasmuch as the application for the Writ presented issues of fact, it was necessary for the Petitioner to be produced in person at the hearing.

Counsel raised these new issues:

6. That the statement made by him and introduced into evidence was erroneously admitted in deprivation of his Constitutional rights.

7. That the Trial Judge was prejudiced to the extent that the Petitioner was deprived of the right to a fair trial.

8. That the Petitioner's attorney was incompetent, and the Petitioner was ignorant of the fact that he could have obtained substitute counsel.

9. That the Prosecutor referred to inflammatory facts not in evidence in his argument, i. e., that the Defendant used butter in raping the victim.

10. That the Prosecutor asked the jury to make an example of the Petitioner by sentencing him to death.

11. That the Petitioner was deprived of the use of witnesses in his behalf whose names he gave to his attorney, and who were not called as witnesses on his behalf.

12. That the Petitioner's lawyer wrongfully withheld certain documents needed in the defense of his cause.

13. That there was not sufficient evidence to sustain the conviction.

14. That the Petitioner was intoxicated when forced to sign a confession.

15. That the Petitioner was insane during the period of his trial and arraignment.

5. On appeal, counsel for appellant also raised additional issues: (1) that the statement-confession was introduced into evidence by the prosecution, without the trial court's having made any determination that the statement was voluntary; (2) that the statement could not be used for impeachment purposes; (3) that the imposition of the death penalty for rape is cruel and unusual punishment in violation of the seventh amendment.

6. The Court lists six criteria for the mandatory granting of hearings:

"We hold that a federal court must grant an evidentiary hearing to a habeas applicant under the following circumstances: If (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing." 372 U.S. at 313, 83 S.Ct. at 757.

The only post-conviction evidentiary hearing Brooks has had is in the coram nobis proceeding. But this proceeding was only on the contention that a material witness had recently been found whose testimony would have greatly altered the findings of the jury had he testified at the trial. Now, however, Brooks asserts a number of other contentions, many of which depend on facts beyond the trial record. Some of these contentions are asserted in his petition for habeas corpus, some in the brief in support of his application for a certificate of probable cause, and some in the brief on appeal.

Townsend v. Sain was one of a number of important decisions on post-conviction relief the Supreme Court decided March 18, 1963. The State of Florida reacted promptly to these decisions by adopting new post-conviction remedies for aggrieved state prisoners. Rule No. 1, Florida Rules of Criminal Procedure; approved, per curiam, April 1, 1963, Fla., 151 So.2d 634.

■■ Accordingly, we hold that the petitioner should take advantage of Rule 1 of Florida Rules of Criminal Procedure, before renewing in the federal courts his application for habeas relief. Pate v. Holman, 5 Cir. 1965, 341 F.2d 764, 343 F.2d 546; Blair v. People of State of California, 9 Cir. 1965, 340 F.2d 741. In reaching this conclusion, we have given weight to the following circumstances: (1) the Florida courts have not had an opportunity to consider all of the constitutional issues the petitioner now raises; (2) some of these issues turn on decisions such as Jackson v. Denno, 1964, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, decided long after the petitioner's trial; (3) some of these issues involve disputed facts outside the record and would therefore require an evidentiary hearing; (4) the Florida courts have not had the opportunity to consider the merits of the petitioner's post-conviction case as the case would be presented by competent counsel. This is not to say that an evidentiary hearing is required on *all* of the petitioner's contentions. The record of trial may be relied upon to the extent that it meets the Townsend v. Sain standards for a "full and fair" hearing. If no state remedy is available or if the prisoner fails to obtain the relief he seeks, he may then renew his application for federal habeas corpus relief.

We affirm the judgment of the district court denying the petition for habeas corpus, but remand the case with directions. We direct that the district court enter an order continuing the stay of execution subject to further orders of the court and holding the proceedings in abeyance to afford Brooks a reasonable opportunity, not exceeding sixty days, to apply to the courts of Florida for post-conviction relief based on his contentions that he was deprived of certain constitutional rights. If, during the sixty-day period, Brooks fails to apply to the courts of Florida for post-conviction relief, the application for a writ of habeas corpus shall be dismissed for failure of the prisoner to exhaust state court remedies. Should Brooks apply to the Florida courts but fail to get the relief he seeks, he may, by affidavit and exhibits or by amended application, bring to the attention of the district court that the Florida courts have determined:

(1) that he then has no state court remedy;

(2) or, if he has a remedy, that on the merits, he was not deprived of his constitutional rights;

(3) or, if he is entitled to further state appeal proceedings, that the judgment of the lower court should be affirmed.

The district court will then enter an appropriate order from which the aggrieved party may appeal on the present record, as supplemented, in this same docket.