Willie Gray **DIXON**, Jr., Appellant,

v.

**STATE OF FLORIDA**, Appellee.

No. 24578.

United States Court of Appeals
Fifth Circuit.

Jan. 3, 1968.

Willie Gray Dixon, Jr., pro se.

Stanley D. Kupiszewski, Jr., Asst. Atty. Gen., Tallahassee, Fla., for appellee.

Before RIVES, GOLDBERG and AINSWORTH, Circuit Judges.

GOLDBERG, Circuit Judge:

In 1965 Dixon was convicted of possession of narcotics by a Florida State Court without a jury. His conviction was affirmed the same year. Dixon seeks habeas corpus relief on several grounds.[1]

1. 1. The narcotics were obtained by an illegal search and seizure, because the affidavit for the search warrant failed to name the two confidential informants and failed to state the dates on which they allegedly saw or purchased narcotics.

2. The trial court erred in failing to order the names of the informants revealed.

3. The state court allowed evidence seized by entrapment.

4. Dixon's lawyers and the state judge tricked him into waiving jury trial by a false promise of probation.

5. Dixon was prosecuted by information rather than by indictment.

6. Dixon was denied a preliminary hearing.

7. Dixon was denied a pre-sentence investigation.

■ This appeal is from a District Court dismissal for failure to exhaust state remedies.[2] The District Court also refused to issue a certificate of probable cause and the government, relying on Sheridan v. Ellis, 5 Cir. 1954, 217 F.2d 306, asserts that this Court therefore is without jurisdiction. This assertion is without merit because on March.15, 1967, we granted a certificate of probable cause, whereas in *Sheridan,* supra, neither the trial court nor the Court of Appeals did so. A Court of Appeals is authorized and empowered to grant a certificate of probable cause through 28 U.S.C. § 2253, which reads in part:

> "An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a State court, unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause."

See House v. Mayo, 1945, 324 U.S. 42, 65 S.Ct. 517, 89 L.Ed. 739; In re Burwell, 1956, 350 U.S. 521, 76 S.Ct. 539, 100 L.Ed. 666. Cf. United States ex rel. Rheim v. Foster, 2 Cir. 1949, 175 F.2d 772; Helms v. Sacks, 6 Cir. 1960, 278 F.2d 687; Gay v. Graham, 10 Cir. 1959, 269 F.2d 482. Therefore, we shall proceed to the second issue, exhaustion of state remedies.

■ On April 20, 1966, Dixon filed a Rule No. 1 Motion, Florida Stat. Annot. ch. 924, Appendix (Supp.1965), In re Criminal Procedure, Rule No. 1, Fla.1963, 151 So.2d 634, in the Criminal Court of Record (the sentencing court). Since then no pronouncement has emanated from that sentencing court. The State of Florida argues that until the sentencing court acts we do not have exhaustion of remedies.[3] The central thesis in this argument is that sterile silence through approximately nineteen months should not be equated with exhaustion. However, a state of exhaustion can be reached by the lapse of time and at some point in time exhaustion need not be further exhausted. Further, an inordinate and unjustified delay in the state corrective process may well result in the frustration of petitioner's rights and be such a circumstance as to render that process ineffective. As quoted in a previous footnote, under Section 2254, habeas corpus relief will be denied unless (1) appellant has ex-

---

**2.** Title 28 U.S.C. § 2254:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

June 25, 1948, c. 646, 62 Stat. 967.

**3.** To support this argument the State of Florida cites Brooks v. Wainwright, C.A. 5, 1965, 345 F.2d 641; Wagenknecht v. Crouse, C.A. 10, 1965, 344 F.2d 920; Von Eiselein v. Taylor, C.A. 10, 1965, 344 F.2d 919; Pate v. Holman, C.A. 5, 1965, 343 F.2d 546; French v. Downie, C.A. 5, 1960, 283 F.2d 303, cert. den. 368 U.S. 867, 82 S.Ct. 68, 7 L.Ed.2d 64, rehearing den. 368 U.S. 923, 82 S.Ct. 243, 7 L.Ed. 2d 138; Rupp v. Teets, C.A. 9, 1954, 214 F.2d 312, cert. den. 348 U.S. 865, 75 S. Ct. 91, 99 L.Ed. 682; and Stonebreaker v. Smyth, 4 Cir., 163 F.2d 498. However, none of these cases indicate that habeas corpus relief must be denied when a petitioner has attempted to seek proper state relief and has been ignored. For example, in Brooks v. Wainwright, supra, the petitioner raised new issues in habeas corpus which had not been considered in a state court denial of a motion to vacate. The state court had in fact acted on the issues which the petitioner had previously raised, but it had not yet a chance to act on the new issues raised in the habeas corpus appeal.

hausted state remedies, (2) there is an absence of state remedies, or (3) there is "the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." As Judge Wisdom in Whippler v. Balkcom, 5 Cir. 1965, 342 F.2d 388, page 390, said:

> "However, scope of the state remedy may be so narrow as to be inadequate and the possibility of state relief may be so uncertain as to make resort to state courts ineffective."

The Tenth Circuit case of Jones v. Crouse, 10 Cir. 1966, 360 F.2d 157, closely resembles the present one. In that case the state sentencing court had summarily denied the petitioner's collateral attack on his conviction and the petitioner had appealed, still in state courts. Seventeen months later no action had been taken, and he filed a petition for a writ of habeas corpus in the federal district court. There, it was dismissed without an evidentiary hearing, but, on appeal, the Tenth Circuit remanded, saying:

> "This Court has said that mere lapse of time does not, in and of itself, constitute a denial of a constitutional right. Ballay v. Patterson, Warden, 10th Cir. Lee v. State of Kansas, 10th Cir., 346 F.2d 48. But an inordinate, excessive and inexcusable delay may very well amount to a denial of due process cognizable in federal court. Smith v. State of Kansas, 10 Cir., 356 F.2d 654; Kelly v. Krouse, Warden, 10 Cir., 352 F.2d 506. Without knowing the facts and circumstances giving rise to the delay, the trial court certainly could not properly conclude that the petitioner's state remedies are adequate and effective. If an evidentiary hearing reveal that Jones has not been discriminated against in the process of his appeal, that his state appeal does conform to due process and that no special circumstances exist requiring prompt federal intervention in the case the petition should be dismissed for failure to exhaust state remedies. But, if the evidence shows discrimination, denial of process or the existence of special circumstances requiring federal intervention the case should proceed to a hearing upon the merits." 360 F.2d at 158.

See also Barry v. Sigler, 8 Cir. 1967, 373 F.2d 835, 838–39 (footnote 4); United States ex rel. O'Halloran v. Rundle, D.C.Penn., 260 F.Supp. 840 (1966).

■■■ We must ever be sensitive both to the basics and to the nuances of judicial federal-state congruency. The concept of federal-state comity involves mutuality of responsibilities, and an unacted upon responsibility can relieve one comity partner from continuous deference. Moreover, the wait for action on the writ must not be so exhausting as to frustrate its purpose. Patience is a virtue in the accommodation process of our federalism, but it is not inexhaustible. We remand to the District Court for an evidentiary hearing to determine whether or not the delay in ruling on the Rule No. 1 motion is justifiable, and, if found to be, the petition should be dismissed for failure of the prisoner to exhaust state court remedies. If the delay is found to be unjustified, the petition should be heard on its merits by the District Court.

Reversed and remanded.