George Charles IMHOFF, Petitioner-Appellant,

v.

Sheriff Clarence JONES, Dallas County, Texas, Respondent-Appellee.

No. 71-1785

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 14, 1972.

George C. Imhoff, pro se.

Henry Wade, Crim. Dist. Atty., John B. Tolle, Asst. Dist. Atty., Dallas, Tex., Crawford C. Martin, Atty. Gen. of Tex., Austin, Tex., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

The order of the district court denying the appellant's petition for habeas corpus without prejudice to his right to reapply after he has exhausted his state remedies is affirmed.

 As a matter of comity, federal courts should not determine the legality of a state prisoner's detention, unless his state courts have first been given the opportunity to consider the case. Therefore, the appellant's allegations of constitutional deprivations will not be entertained in a federal forum until they have been presented to the courts of the State of Texas, either upon the appellant's direct criminal appeal, or upon a motion filed pursuant to Article 11.07, Vernon's Ann.Texas Code of Criminal Procedure. Weaver v. Texas, 5th Cir. 1971, 441 F.2d 388; Thomas v. Decker, 5th Cir. 1970, 434 F.2d 1033; Texas v. Payton, 5th Cir. 1968, 390 F.2d 261.

This panel recently held in Williams v. Wainwright, 452 F.2d 775 (5th Cir., 1971), in an opinion by Judge Roney and a special concurrence by Chief Judge Brown, that a judgment dismiss-

* █ Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

ing a petition for the writ of habeas corpus for failure to exhaust state remedies should specify the state remedies not exhausted by petitioner.

 In the case at bar the record does not indicate that there had been a trial in the state court, hence no appeal and no post-trial proceedings. The petition should have been dismissed for want of jurisdiction under 28 U.S.C.A. § 2254(b) as it is not shown that petitioner was held pursuant to judgment of a state court. But dismissed it was.

Affirmed.