**Howard J. ST. JULES, Petitioner-Appellant,**

**v.**

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 72–1826**

**Summary Calendar.**[*]

United States Court of Appeals, Fifth Circuit.

July 18, 1972.

Harry H. Walsh, Huntsville, Tex., William T. Armstrong, Weldon, Tex., for petitioner-appellant.

Crawford Martin, Atty. Gen., Dunklin Sullivan, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

[*] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

This is an application for the writ of habeas corpus on behalf of Howard J. St. Jules, presently held by the State of Texas by authority of a judgment of conviction for the offense of burglary. Punishment was enhanced to life imprisonment. On direct appeal the conviction was affirmed. St. Jules v. State, 438 S. W.2d 568 (Tex.Cr.App.1969). Twice appellant has directed applications for the writ of habeas corpus to the state sentencing court under the provisions of Art. 11.07 of the Vernon's Ann. Texas Code of Criminal Procedure. His first excursion was rejected by the sentencing court on June 5, 1969, for its failure to allege sufficient sworn facts which, if believed, would entitle him to relief. Appellant here alleges that he filed a second application under Art. 11.07 on April 17, 1970. This time appellant alleges the allegations of the complaint were sworn to and, if believed, entitled him to relief. When no response was forthcoming from the sentencing court, appellant filed this petition for habeas corpus relief in federal court.

The district court denied appellant relief based on a supposed failure to exhaust available state remedies. Since the Art. 11.07 proceeding was undisposed of, the district court's action was technically correct. Nevertheless, we vacate and remand to enable the district court to take jurisdiction of this case and insure that appellant's claims receive some forum.

■ The requirement of exhaustion of state remedies is a doctrine embodied in the text of 28 U.S.C. § 2243. The doctrine, however, is one of comity. Imhoff v. Jones, 453 F.2d 894 (5th Cir., 1972). Comity does not require that the federal courts decline to exercise jurisdiction in the face of allegations that the state courts have been presented with the merits of a claim for habeas corpus relief and have, for one reason or another, refused or been unable to act upon the claim. Dixon v. Florida, 388 F.2d 424 (5th Cir., 1968); Odsen v. Moore, 445 F.2d 806 (1st Cir., 1971). In the verified pleadings before the district court and the briefs before this court, appellant has demonstrated that he in fact filed a second application for habeas corpus relief under Art. 11.07 in April of 1970, and that no disposition of that application has as yet been received. In Bartone v. United States, 375 U.S. 52, 84 S.Ct. 21, 11 L.Ed.2d 11 (1963), the Court said:

"Where state procedural snarls or obstacles preclude an effective state remedy against unconstitutional convictions, federal courts have no other choice but to grant relief in the collateral proceeding. Fay v. Noia, 372 U. S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837." 375 U.S. at 54, 84 S.Ct. at 22.

The Court's citation to Fay v. Noia is instructive. It is when inordinate delay in state collateral proceedings make relief through state avenues unavailable that the federal courts may dispense with "waiting for Godot"[1] and entertain the collateral proceedings.

■ In *Dixon, supra,* we noted: "The concept of federal-state comity involves mutuality of responsibilities, and an unacted upon responsibility can relieve one comity partner from continuous deference moreover, the wait for action . . . must not be so exhausting as to frustrate its purpose. Patience is a virtue in the accommodation process of our federalism, but it is not inexhaustible." 388 F.2d at 426. The First Circuit in *Odsen, supra,* noted: "We remind ourselves that exhaustion refers to remedies, not to petitioners." That admonition is well taken in this case for, if the facts are as appellant alleges, over seventeen months have elapsed since the filing of his second 11.07 application.

In similar cases we have remanded the case to the district court for a determination of whether the delays were justi-

---

1. Samuel Beckett, "Waiting for Godot," in Seven Plays of The Modern Theater.

fiable. This is the course we here adopt. If on remand the district court determines that the delay was not justifiable, it shall proceed to a hearing on the merits of the habeas corpus petition. Compare Dixon v. Florida, *supra*; Dozie v. Cady, 430 F.2d 637 (7th Cir., 1970); Jones v. Crouse, 360 F.2d 157 (10th Cir., 1966).

Vacated and remanded.