**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-60153
Summary Calendar
_____


DARILE JOHNSON,

                              Petitioner-Appellant,

            VERSUS


      RAYMOND ROBERTS and MIKE MOORE,

                              Respondents-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Mississippi
(4:96-CV-32-S-D)
_____

July 1, 1996

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]


      Darile Johnson appeals the dismissal, for failure to exhaust

state remedies, of his petition for writ of habeas corpus filed

pursuant to 28 U.S.C. § 2254.  We vacate and remand for further

factual development.

---

      [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited circum-
stances set forth in 5TH CIR. R. 47.5.4.

I.

Johnson is a Mississippi state prisoner whose appeal of his conviction is still pending. In January 1996, he filed this federal habeas petition, alleging various constitutional challenges to his state conviction. He also contended that the Mississippi Supreme Court had not yet decided his appeal and that the lengthy (twenty-four months since conviction) delay he experienced was so excessive as to waive the requirement that he exhaust his available state remedies before seeking federal habeas relief.

According to Johnson, the appeal record and the state's brief eventually were filed with the state supreme court and, in December 1994, his counsel filed a motion for oral argument. Johnson averred that since that date, the Mississippi Supreme Court had not decided his appeal, despite several letters from him complaining of the delay. Johnson also stated that the delay had not been due to any negligence on his part.

Before service of process, the district court dismissed Johnson's petition without prejudice for failure to exhaust available state remedies, stating that "[w]hile petitioner's frustration with the time required for his appeal is understandable it is neither unusual nor inordinate." The court issued a certificate of probable cause ("CPC") to appeal.[1]

---

[1] On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996, 142 Cong. Rec. H3305-01 (1996), which contains amendments to the habeas corpus statutes, was signed into law. The amended 28 U.S.C. § 2253 requires a "certificate

(continued...)

Johnson contends that the district court erred by determining that the delay he has experienced in the Mississippi appellate process was not unusual or inordinate. Johnson repeats the contentions that he has done nothing to cause the delay and that the delay has been so excessive that it is sufficient to waive the requirement that he exhaust his available state remedies before filing for federal habeas relief.

In general, before a state prisoner may seek federal habeas relief, he must exhaust available remedies. *See* 28 U.S.C. § 2254(b). The exhaustion requirement reflects federal-state comity concerns. *Picard v. Connor*, 404 U.S. 270, 275 (1971). Exhaustion normally requires only that the federal claim was fairly presented to the highest court of the state, either on direct review or in a post-conviction attack. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056 (1983). The exhaustion doctrine does not apply, however, when the state system

---

[1](...continued)
of appealability," rather than a CPC, for appealing the denial of a § 2254 petition. At this time, issues of the retroactivity and interpretation of the amendments are uncertain. Without an explicit statutory requirement that the amendments should be applied to pending appeals, or a decision from this court interpreting the statute as requiring such application, we assume that a district court's order granting CPC is still effective.

The new statute also retains the provision that a § 2254 petition can be granted, absent exhaustion, if "there is an absence of available State corrective process" or if "circumstances exist that render such process ineffective to protect the rights of the applicant." 142 Cong. Rec. H3305-1, § 104, Section 2254 Amendments; 28 U.S.C. § 2254. Because there is no apparent change to the situations in which exhaustion would not apply, we have applied existing law regarding exhaustion waivers.

inordinately and unjustifiably delays review so as to impinge upon a petitioner's due process rights. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

"In determining whether a delay of a prisoner's appeal violates due process, this court looks to the factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972)." *Bailey v. Scott*, No. 94-10917, at 3 (5th Cir. May 24, 1995) (unpublished); *see also United States v. Bermea*, 30 F.3d 1539, 1568-69 (5th Cir. 1994) (citing *Rheuark v. Shaw*, 628 F.2d 297, 302-04 (5th Cir. 1980), *cert. denied*, 450 U.S. 931 (1981)), *cert. denied*, 115 S. Ct. 1113, and *cert. denied*, 115 S. Ct. 1824 (1995). The factors are the length of the delay, the reasons for the delay, the defendant's assertion of his right, and the prejudice to the defendant occasioned by the delay. *Bailey*, at 3.

The first *Barker* factorSSthe length of the delaySSis a threshold requirement. "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker*, 407 U.S. at 530. We have held that a fifteen-month delay in transcript preparation in the state appellate process, *Rheuark v. Wade*, 540 F.2d 1282, 1283 (5th Cir. 1976); a sixteen-month delay in the appellate process between completion and actual filing of the record, *Shelton v. Heard*, 696 F.2d 1127, 1129 (5th Cir.), *modified,* 707 F.2d 200 (5th Cir. 1983); and a twenty-month delay in the state

appellate process transcript preparation, *Rheuark v. Shaw*, 628 F.2d at 302, are sufficient to waive the exhaustion requirement and to constitute a deprivation of due process. We also have considered a one-year delay in the consideration of a state habeas corpus petition, *Breazeale v. Bradley*, 582 F.2d 5, 6 (5th Cir. 1978), to be an excessive delay waiving the exhaustion requirement.[2]

Whether the delay is in the state direct appeal process or in the routes of post-conviction relief is of no significance. *Rheuark*, 540 F.2d at 1283. One caveat is that petitioners who have contributed to the excessive delay cannot complain of the delay they caused, and, thus, will not be excused from meeting the exhaustion doctrine. *Deters*, 985 F.2d at 795.

The Mississippi Supreme Court has confirmed that briefing in Johnson's appeal was completed on September 15, 1994. The case is now in the clerk's office waiting to be placed on the docket, after which that court will consider the case. Cases are put on the docket in the order in which their briefing schedules are completed, and Johnson's case will be assigned to the docket when its turn comes. During this time, Johnson has filed a *pro se* appellate brief that was carried with the case and a motion to amend that was denied in February 1995, but apparently these filings have not

_____

[2] Additional cases in which we have found that delay in the state proceedings have rendered the exhaustion requirement meaningless include a seventeen-month delay in consideration of a habeas corpus petition by a state court, *St. Jules v. Beto*, 462 F.2d 1365, 1366 (5th Cir. 1972); and a nineteen-month delay by a state court in considering a defendant's motion for review of his conviction, *Dixon v. Florida*, 388 F.2d 424, 425-26 (5th Cir. 1968).

5

delayed the appeal process.

When Johnson filed his federal habeas petition, he had already waited approximately sixteen months from the time briefing was completed for his case to be placed on the docket for consideration by the state supreme court. It has now been approximately twenty months since his case became eligible to be placed on the docket.

The delay in considering Johnson's appeal definitely appears to fall within the range we have previously considered to be inordinate and excessive for excusing the requirement to exhaust state remedies before filing federal habeas petitions. *See Shelton*, 696 F.2d at 1129; *Breazeale*, 582 F.2d at 6. There also does not appear to be any evidence that Johnson has caused the delay so as to preclude the waiver of the exhaustion requirement. *See Deters*, 985 F.2d at 795.

If, on the other hand, the delay is justifiable, there is no reason to excuse the exhaustion requirement. *See Dixon*, 388 F.2d at 426 (remand for determination whether delays were justifiable; if delays were justifiable, petition should be dismissed for failure to exhaust state remedies). Because the district court dismissed Johnson's petition for failure to exhaust state remedies before service of his petition, there has been no opportunity for factual development to determine whether the delay is justifiable.

Accordingly, the judgment is VACATED and REMANDED for further factual development regarding whether delay in considering

6

Johnson's appeal of his state conviction is justifiable.  If the delays are not justifiable, the district court shall proceed to a hearing on the merits of the habeas petition.  *See* FED. R. APP. P. 34(a).