# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 18, 2013

Lyle W. Cayce
Clerk

No. 12-20343
Summary Calendar

DANIEL SERGIO HANSEN,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-1056

Before JOLLY, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Daniel Sergio Hansen, Texas prisoner # 1469241, moves for a certificate of appealability (COA) and to proceed in forma pauperis (IFP) to appeal the dismissal without prejudice for failure to exhaust state court remedies of his 28 U.S.C. § 2254 petition challenging his conviction for possession with intent to deliver cocaine. Hansen argues that the district court failed to consider his argument that the exhaustion requirement should have been excused in light of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the state court's failure to act on his pending state habeas application for more than two years. He contends that the excessive delay has caused an absence of State corrective processes resulting in the denial of his due process rights.

A federal court may not grant habeas relief unless the petitioner "has exhausted the remedies available in the courts of the State." § 2254(b)(1)(A). The exhaustion requirement is excused "only in those rare cases where exceptional circumstances of peculiar urgency mandate federal court interference." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (internal quotation marks and citation omitted). "Exceptional circumstances of peculiar urgency" exist, and the exhaustion doctrine will not be applied, "when the state system inordinately and unjustifiably delays review of a petitioner's claims so as to impinge upon his due process rights." *Id.* Noncompliance with the exhaustion doctrine is excused only if the inordinate delay is wholly and completely the fault of the State; the petitioner's hands must be clean. *Id.* at 796. In determining whether the delay is violative of due process, the following factors are examined: (1) the length of the delay; (2) the reasons for the delay; (3) the petitioner's assertion of his right; and (4) the prejudice to the petitioner on account of the delay. *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

Hansen's state habeas application has been pending for over two years, which exceeds the range we have previously considered excessive. *See Breazeale v. Bradley*, 582 F.2d 5, 6 (5th Cir. 1978); *St. Jules v. Beto*, 462 F.2d 1365, 1366 (5th Cir. 1972). Because the district court dismissed Hansen's petition for failure to exhaust state remedies before service on the Respondent, there has been no opportunity for factual development to determine whether Hansen contributed to the delay or whether the delay is justifiable. Consequently, the district court's procedural determination is debatable, and Hansen's requests for a COA and to proceed IFP are granted. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004).

No. 12-20343

The judgment dismissing Hansen's petition is vacated and remanded for further factual development regarding whether Hansen contributed to the delay and whether the delay in considering his state habeas application is justifiable. *See Dixon v. Florida*, 388 F.2d 424, 425-26 (5th Cir. 1968).  If Hansen did not contribute to the delay, and the delay is not justifiable, the district court is instructed to rule on the merits of the federal petition.  *See id.*

COA and IFP GRANTED; VACATED AND REMANDED.