DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KARII L. IVORY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-3054

[February 11, 2015]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Elizabeth A. Metzger, Judge; L.T. Case No. 4320081348CFA.

Karii L. Ivory, Daytona Beach, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

We affirm the trial court's order that summarily denied appellant's rule 3.850 motion with prejudice. We conclude that the court had discretion to deny the motion in these circumstances as appellant did not timely file an amended motion within the time prescribed by the rule.

On November 26, 2013, the trial court dismissed appellant's first 3.850 motion as facially insufficient pursuant to the procedure first set forth in *Spera v. State*, 971 So. 2d 754 (Fla. 2007), and recently codified in Florida Rule of Criminal Procedure 3.850(f)(2). The rule provides:

> *(2) Timely but Insufficient Motions.* If the motion is insufficient on its face, and the motion is timely filed under this rule, the court shall enter a nonfinal, nonappealable order allowing the defendant 60 days to amend the motion. If the amended motion is still insufficient *or if the defendant fails to file an amended motion within the time allowed for such amendment, the court, in its discretion, may permit the defendant an additional opportunity to amend the motion or*

*may enter a final, appealable order summarily denying the motion with prejudice.*

Fla. R. Crim. P. 3.850(f)(2) (emphasis added). Appellant failed to file a motion within the 60 days allowed for amendment.

On May 6, 2014, appellant filed another rule 3.850 motion. The motion was filed within two years of his conviction and sentence becoming final following this Court's affirmance on direct appeal. *See Ivory v. State*, 86 So. 3d 1135 (Fla. 4th DCA 2012) (table) (mandate issued May 18, 2012). The trial court summarily denied this motion explaining that the motion was not filed within the 60 days allowed by the November 26, 2013 order. As noted by the court, the motion was served 161 days after the court's order. The court determined that it had discretion to deny the motion with prejudice under these circumstances. We agree.

The recent amendments to postconviction relief procedures address the situation presented here. See *In re Amendments to the Fla. Rules of Criminal Procedure & the Fla. Rules of Appellate Procedure*, 132 So. 3d 734, 738 (Fla. 2013) (effective July 1, 2013). The amended rule provides:

> **(e) Amendments to Motion.** *When the court has entered an order under subdivision (f)(2) or (f)(3), granting the defendant an opportunity to amend the motion, any amendment to the motion must be served within 60 days.* A motion may otherwise be amended at any time prior to either the entry of an order disposing of the motion or the entry of an order pursuant to subdivision (f)(5) or directing that an answer to the motion be filed pursuant to (f)(6), whichever occurs first. Leave of court is required for the filing of an amendment after the entry of an order pursuant to subdivision (f)(5) or (f)(6). Notwithstanding the timeliness of an amendment, the court need not consider new factual assertions contained in an amendment unless the amendment is under oath. New claims for relief contained in an amendment need not be considered by the court unless the amendment is filed within the time frame specified in subdivision (b).

Fla. R. Crim. P. 3.850(e) (emphasis added). The rule unambiguously requires that any amendment be served within 60 days in this situation.

Appellant relies on caselaw pre-dating the amendments to rule 3.850 and argues that he could file an amended motion at any time before expiration of the two-year time limit as long as the court has not entered

2

a ruling on the merits of his motion. Appellant's argument is contrary to the plain language of the rule. The caselaw he relies upon has been overruled by the procedures in the amended rule which now govern the specific situation presented here. Appellant did not seek an extension of the 60-day time limit nor has he argued any circumstances that prevented him from timely complying with the trial court's order. The trial court did not abuse its discretion in denying the motion with prejudice in these circumstances.

*Affirmed.*

TAYLOR, CIKLIN and CONNER, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***