# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2023-1235
_____

RODERICK OWENS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Stephen Everett, Judge.

January 15, 2025

PER CURIAM.

    AFFIRMED. *Daise v. State*, 379 So. 3d 603 (Fla. 1st DCA 2024).

KELSEY and NORDBY, JJ., concur; WINOKUR, J., concurs with opinion.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

WINOKUR, J., concurring.

I agree that we are constrained by *Daise v. State*, 379 So. 3d 603 (Fla. 1st DCA 2024), to affirm the order on appeal. I write to explain my belief that the interpretation of Florida Rule of Criminal Procedure 3.850(e) and (f)(2) given in *Daise* does not accurately reflect the decision they purport to codify—*Spera v. State*, 971 So. 2d 754 (Fla. 2007). Additionally, I write to express my concern that rules 3.850(e) and (f)(2), as interpreted in *Daise*, may violate Article I, section 13 of the Florida Constitution.

I

On January 7, 2022, Roderick Owens filed a motion for postconviction relief under rule 3.850. On March 3, 2022, the lower court issued an order dismissing the motion as timely but facially insufficient. Pursuant to rule 3.850(f)(2), the court provided Owens sixty days to amend.

Owens did not file an amended motion within sixty days. Under this circumstance, the court was authorized by rule 3.850(f)(2) to enter a final order denying Owens' motion with prejudice. But the court never filed any such order. Instead, Owens filed a second motion for postconviction relief over a year after the court granted him leave to amend. The second motion, which was filed less than two years after the judgment and sentence became final, did not raise any new claims already found in the first motion. Thus, the court treated the second motion as an untimely amended motion in response to its March 3, 2022, order. Following the requirements of rule 3.850(e), as well as the Fourth District's decision in *Ivory v. State*, 159 So. 3d 197 (Fla. 4th DCA 2015), the court dismissed the second motion with prejudice.

After Owens filed his notice of appeal, this Court decided *Daise*, which interpreted rule 3.850(e) consistently with *Ivory*. *Compare Daise*, 379 So. 3d at 606 ("Rule 3.850(e) provides that, when an order is entered under rule 3.850(f)(2), 'any amendment to the motion *must be served within 60 days.*'") *with Ivory*, 159 So. 3d at 199 ("[Rule 3.850(e)] unambiguously requires that any amendment be served within 60 days in this situation.").

2

II

A

Rules 3.850(e) and (f)(2) read, in pertinent part, as follows:

**(e) Amendments to Motion**. When the court has entered an order under subdivision (f)(2) . . . , granting the defendant an opportunity to amend the motion, any amendment to the motion must be served within 60 days. A motion may otherwise be amended at any time prior to [the] entry of an order disposing of the motion[.] Notwithstanding the timeliness of an amendment, the court need not consider new factual assertions contained in an amendment unless the amendment is under oath. New claims for relief contained in an amendment need not be considered by the court unless the amendment is filed within the time frame specified in subdivision (b) [which, unless an exception applies, is two years after the judgment and sentence become final].

**(f)     Procedure;     Evidentiary     Hearing; Disposition**.

     . . . .

(2) *Timely but Insufficient Motions*. If the motion is insufficient on its face, and the motion is timely filed under this rule, the court shall enter a nonfinal, nonappealable order allowing the defendant 60 days to amend the motion. If . . . the defendant fails to file an amended motion within the time allowed for such amendment, the court, in its discretion, may permit the defendant an additional opportunity to amend the motion or may enter a final, appealable order summarily denying the motion with prejudice.

The Supreme Court added this version of subdivisions (e) and (f)(2) to rule 3.850 in 2013. *In re Amends. to Fla. Rules of Crim. Proc. & Fla. Rules of App. Proc.*, 132 So. 3d 734 (Fla. 2013) ("*2013 Amendments*").

Additionally, rule 3.850 also generally prohibits a second or successive motion if it "fails to allege new or different grounds for relief and the prior determination was on the merits" or the defendant establishes "good cause" for failing "to [assert] those grounds in a prior motion." Fla. R. Crim. P. 3.850(h)(2).

B

This case presents the following question: if a trial court issues a nonfinal, nonappealable order under rule 3.850(f)(2) granting a defendant sixty days to file an amended motion—and provided the court has not issued a final order denying the motion with prejudice—can a defendant file a second motion beyond the sixty days but before expiration of the two-year deadline contained in Florida Rule of Criminal Procedure 3.850(b) without the motion considered untimely or successive?

As noted above, *Daise* and *Ivory* interpret rule 3.850(e) to answer that question in the negative: "[w]hen the court has entered an order under subdivision (f)(2) or (f)(3), granting the defendant an opportunity to amend the motion, *any* amendment to the motion must be served within 60 days." Fla. R. Crim. P. 3.850(e) (emphasis supplied).

Cases that predate the current version of the Rule, however, answered that question in the affirmative: as long as the original motion was not denied on the merits, a defendant was still permitted to file an amended motion for postconviction relief until expiration of the two-year deadline under rule 3.850. *See, e.g.*, *Spera*, 971 So. 2d at 759 ("We have held that a trial court abuses its discretion when it refuses to consider amendments to a motion filed before the deadline and before the trial court rules on the motion."). One may suggest that this prior case law is irrelevant, to the extent that it was superseded by the rule when it was amended in 2013. But an analysis of the relationship between the prior case law and the 2013 amendments complicates this conclusion.

The Supreme Court of Florida recognized the rule of law noted above in *Spera*, writing that "a defendant whose postconviction

4

claim is denied as facially insufficient may file a successive motion raising the same claim but remedying the insufficiency." *Spera*, 971 So. 2d at 759. But it added that a "caveat in the rule, however, is that successive motions must be filed by the two-year deadline in the rule." *Id*.

In other words, the *Spera* court recognized that denial of a rule 3.850 motion for facial insufficiency did not prevent a movant from filing a successive rule 3.850 motion as long as the second motion was filed within the two years specified in rule 3.850(b). The current rule, as it has been interpreted by *Daise* and *Ivory*, is plainly at odds with the rule as *Spera* identified it.

As stated, rule 3.850 was modified in 2013, after *Spera* was decided. *See 2013 Amendments*, 132 So. 3d at 748–49. Of course, a substantive modification to a rule of procedure takes precedence over case law interpreting a prior version of the rule. Nevertheless, I note that the opinion announcing the amendments to rule 3.850 expressly states that the changes to rule 3.850 are "intended to codify" existing case law. *See id*. at 738 ("Next, we add new subdivision (e) (Amendments to Motion). *This new subdivision is intended to codify existing case law on amendments to postconviction motions* and to comport with the amendments to current subdivision (d) (Procedure; Evidentiary Hearing; Disposition), discussed below." (emphasis supplied)); *see also id*. ("Current subdivision (d) (Procedure; Evidentiary Hearing; Disposition) is substantially amended and is redesignated as (f). As amended, *this subdivision codifies existing case law* and addresses the different options that the trial judge has when considering a motion under the rule[.]" (emphasis supplied)).

In a concurring opinion, Justice Pariente stated that she voted to approve the new subdivision (f) *because* it did not change any existing law. *See id*. at 742 (Pariente, J., concurring in part and dissenting in part) (indicating concurrence with the amended subdivision (f) of rule 3.850 "with the express understanding that the amended subdivision codifies existing law and is not intended to change the law").

The modified rule, as interpreted by *Daise* and *Ivory*, only provides sixty days to amend—regardless of when the defendant

files a timely but insufficient motion and regardless of whether the court has denied the motion with prejudice.[1] *Spera*, however, suggests that a sixty-day amendment window is only necessary when the original motion was filed (or the order striking the original motion was rendered) close to the expiration of the two-year deadline. *See Spera*, 971 So. 2d at 759 ("A gap therefore remains for defendants who file a timely but insufficient initial postconviction motion, but whose amended or successive motion would be filed after the deadline."); *see also id.* at 761 (stressing that the Court did not "intend to authorize 'shell motions'—those that contain sparse facts and argument and are filed merely to comply with the deadlines, with the intent of filing an amended, more substantive, motion at a later date" (citation omitted)).

Nevertheless, the Fourth District held that the 2013 amendments to Rule 3.850 did, in fact, overturn existing case law.

> Appellant relies on caselaw pre-dating the amendments to rule 3.850 and argues that he could file an amended motion at any time before expiration of the two-year time limit as long as the court has not entered a ruling on the merits of his motion. Appellant's argument is contrary to the plain language of the rule. *The caselaw he relies upon has been overruled by the procedures in the amended rule* which now govern the specific situation presented here.

*Ivory*, 159 So. 3d at 199 (emphasis supplied). The italicized sentence above ignores that the 2013 amendment to rule 3.850 was meant to codify case law, not to overrule it.

---

[1] Under the interpretation of the rule set out in *Daise* and *Ivory*, Owens could not have avoided this result even if he had expressly withdrawn his first postconviction motion by the time he filed his second motion, by voluntary dismissal, before the court ruled on the first motion. By their reasoning, the court would have the power to strike the notice of voluntary dismissal, construe the second postconviction motion as an amendment to the first postconviction motion, and then dismiss the "amended" motion because it was not timely filed.

The State expresses confusion as to why this court "ponders" the issue in this case, arguing that "it is evident that the effect of Rule 3.850(f) and (e) was to codify *Spera*." According to the State, "*Ivory* did not reject *Spera* [but] rejected prior cases that provided defendants carte blanche to amend at any time within the two-year window of Rule 3.850(b)." The State then argues that "any decision that allowed defendants carte blanche to amend at any time within the two-year period in Rule 3.850(b) conflicted with *Spera*."

The State misreads *Spera*. *Spera* cites with approval numerous cases holding that a defendant can file multiple amendments within the two-year deadline. *See Spera*, 971 So. 2d at 758–59. I disagree that *Spera* somehow supported the contention that a defendant cannot amend a postconviction motion that has not been denied at any time. In fact, a clear inconsistency is apparent between the modified rules (Rule 3.850(f), (e)(2)) and the very decision the State acknowledges that the modified rules purport to codify (*Spera*).

## III

## A

Although rule 3.850 falls within the rules of criminal procedure, and although pleadings under the rule contain the same caption as the defendant's criminal case, postconviction proceedings are technically civil, not criminal. *See e.g.*, *State v. Jackson*, 306 So. 3d 936, 941–42 (Fla. 2020) (noting that "postconviction proceedings are technically civil in nature and are *not* a step in the underlying prosecution"). They are civil in nature because their roots lie in the writ of habeas corpus. *See* Art. I, § 13, Fla. Const. ("The writ of habeas corpus shall be grantable of right, freely and without cost. It shall be returnable without delay, and shall never be suspended unless, in case of rebellion or invasion, suspension is essential to the public safety."); *see also In re Crim. Proc., Rule No. 1.*, 151 So. 2d 634 (Fla. 1963); *State v. Weeks*, 166 So. 2d 892, 893 (Fla. 1964) (noting that Rule 1, the predecessor of rule 3.850, "provides a remedy co-equal with, but actually more expeditious than post-conviction habeas corpus"); *State v. Bolyea*, 520 So. 2d 562, 563 (Fla. 1988) (calling rule 3.850 "a procedural

vehicle for the collateral remedy otherwise available by writ of habeas corpus").

The Supreme Court of Florida originally promulgated Rule 1, the predecessor to Rule 3.850, to address the multitude of postconviction claims expected in the wake of *Gideon v. Wainwright*, 373 U.S. 335 (1963). *See Baker v. State*, 878 So. 2d 1236, 1239 (Fla. 2004) (noting that Rule 1 was an attempt "to provide a mechanism for meeting the demands for postconviction relief in Florida, which were inevitable in this state following the Supreme Court's decision in *Gideon*").

With the adoption of Rule 1, the Court transferred collateral attacks on a judgment and/or sentence from the trial court where the defendant was incarcerated to the trial court that handled the criminal case. *Compare* § 79.09, Fla. Stat. (requiring a petition for writ of habeas corpus to be "filed with the clerk of the circuit court of the county in which the prisoner is detained") *with Baker*, 878 So. 2d at 1245 (noting that rule 1 was "intended to direct such challenges to the sentencing courts of this state").

For many years, the postconviction rule (like the rules governing petitions for writ of habeas corpus) lacked a strict filing deadline. In 1984, however, the Court approved a two-year filing deadline as a reasonable restriction on the Constitutional rights to habeas relief and access to courts. *See The Fla. Bar Re Amend. to Rules of Crim. Proc. (Rule 3.850)*, 460 So. 2d 907 (Fla. 1984); *see also Johnson v. State*, 536 So. 2d 1009, 1011 (Fla. 1988) ("The time limitation of rule 3.850 . . . serves to reduce piecemeal litigation and the assertion of stale claims while at the same time preserves the right to unlimited access to the courts where there is newly discovered evidence or where there have been fundamental constitutional changes in the law with retroactive application.").

B

I recognize that rule 3.850(e) states that "any amendment to the motion must be served within 60 days" when the court files an order under subdivision (f)(2). But in my opinion, this sixty-day deadline is meant to allow the court to deny the motion with prejudice after sixty days, not to completely cut off the right to

apply for postconviction relief after sixty days. This produces a de facto sixty-day deadline, as opposed to the two-year deadline of rule 3.850(b) acknowledged in *Spera*. Such a short deadline may unreasonably interfere with a defendant's Constitutional rights—all without any corresponding benefit in fairness or finality for our criminal justice system. *See Haag v. State*, 591 So. 2d 614, 616 (Fla. 1992) (noting that "the right to habeas relief protected by article I, section 13 of the Florida Constitution is implicated" by interpretations of rule 3.850 (first citing *Johnson*, 536 So. 2d at 1011; then citing Art. I, § 21, Fla. Const.)).[2]

I readily agree that trial courts must be given effective tools to manage their dockets and that prisoners do not have the right to bog the courts down with repeated filings. That said, prisoners collaterally attacking a judgment or sentence should be given adequate opportunities to present their claims. In my opinion, the extendable, two-year deadline discussed in *Spera* sufficiently balances the interests at stake in postconviction litigation; the sixty-day deadline in the current version of rule 3.850, as district courts of appeal have interpreted it, does not.

---

Roderick Owens, pro se, Appellant.

Ashley Moody, Attorney General, and Benjamin L. Hoffman, Assistant Attorney General, Tallahassee, for Appellee.

---

[2] To be clear, I do not mean to suggest that a court should not be permitted to enter a final order denying relief with prejudice after it has given the movant sixty days to amend an insufficient motion. Any motion filed after that action would be subject to the successive motion requirements of rule 3.850(h). But that is not what happened here. The court here never entered a final order denying relief with prejudice until after Owens filed a second motion.