Charles Gordon BREAZEALE,
Petitioner-Appellant,

v.

R. M. BRADLEY, Warden, and Attorney General of the State of Florida, Respondents-Appellees.

No. 78–1851

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 10, 1978.

Charles Gordon Breazeale, pro se.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., Mary Jo Gallay, Asst. Atty. Gen., Tampa, Fla., for respondents-appellees.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

GOLDBERG, Circuit Judge:

This is an appeal from the denial of a writ of habeas corpus. Petitioner Charles Gordon Breazeale was taken into custody in Florida and charged with having escaped from an Alabama correctional institution. He was given a hearing before a judge in Florida and, on May 17, 1977, ordered extradited to Alabama unless he filed a state habeas corpus petition within ten days. On May 20, 1977, he filed for state habeas. On

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

July 31 he was extradited, and he is now in custody in Alabama. Breazeale claims, and the state does not disagree, that he has heard nothing about his Florida habeas petition since he filed it. On September 16, 1977, Breazeale—now in the Kilby Correctional Facility in Montgomery, Alabama—filed a petition for federal habeas corpus in the United States District Court for the Middle District of Florida. He alleged that his extradition hearing in Florida was defective in a number of ways. If proven, at least some of these would be violations of the constitution or the federal extradition statute, 18 U.S.C. § 3182.[1] The federal magistrate recommended that the petition be dismissed; he said that because Breazeale's state habeas petition was still pending in Florida, state remedies had not been exhausted as required by 28 U.S.C. § 2254(b). The United States district judge adopted the magistrate's report and recommendation, and dismissed the petition. Breazeale appeals. Florida again asserts a failure to exhaust state remedies, and says that Breazeale's admission that his state habeas petition is still pending itself establishes his failure to exhaust.

■ Although we agree that the petition must be dismissed, this record does not show that Breazeale has failed to exhaust state remedies. Under Florida law, a person who is arrested because he is demanded by another state is to be brought before a judge and told of the crime for which he is wanted. Fla.Stat.Ann. § 941.10 (West Supp.1978). If he claims that he ought not be extradited, or if he wishes to test the legality of his arrest, he must be allowed to petition for state habeas corpus. See id.; Payne v. Askew, 350 So.2d 831 (Fla.App. 1977). If the habeas court decides that extradition is unwarranted, it is to discharge the accused. See e. g., Young v. Stoutamire, 129 Fla. 805, 176 So. 759, 762

(1937). Unless Florida disregarded its own law, then, its decision to extradite Breazeale was in effect a denial of his petition for state habeas corpus. Put another way, Florida took precisely the action—extraditing Breazeale—which the habeas petition attempted to prevent; this must constitute a denial of the petition. It follows that the state habeas remedy was exhausted, and we are pointed to no others which remain open.

■ There is an independent reason not to dismiss Breazeale's petition for failure to exhaust state remedies. Under 28 U.S.C. § 2254(b) a petitioner need not exhaust state remedies if "there is either an absence of available state corrective process or . . . circumstances rendering such process ineffective to protect the rights of the prisoner." We have held that a federal habeas petitioner will be excused from the exhaustion requirement if the state unreasonably delays acting on his efforts to invoke state remedies. See, e. g., Reynolds v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972). Breazeale's state habeas petition has been completely dormant for over one year, and the state has offered us no reason for its torpor. Under these circumstances, the unexplained delay requires us to say that the state remedy is ineffective. See Rheuark v. Wade, 540 F.2d 1282 (5th Cir. 1976); Reynolds v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972); Dixon v. Florida, 388 F.2d 424 (5th Cir. 1968). Such a prolonged sleep, in state remedies as in the rest of us, may safely be said to evince exhaustion.

■ Nevertheless, Breazeale's petition should be dismissed. Federal habeas corpus may be brought only in a federal district court which has jurisdiction either over the prisoner or over his custodian. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 93 S.Ct. 1123, 1130, 35 L.Ed.2d 443 (1973); Blau v. United States, 566 F.2d 526, 527 (5th Cir. 1978). If Breazeale is eligible for

---

1. In his pro se petition and brief, Breazeale claims that the extradition papers filed by Alabama were not properly authenticated and were, in any event, inadequate to support extradition; that he is not the person named in the papers and that Florida failed to identify him as that person; that he was not in Alabama at the time of the offense charged; that the judge who presided at the extradition hearing was biased; that he was denied the effective assistance of counsel at the hearing; that he was denied bond; that he was denied a transcript of the hearing; and that he was not allowed to appeal from the extradition hearing.

any relief, then, he must seek it in Alabama.

AFFIRMED.