**Barrie Deon SHELTON, Petitioner-Appellant,**

v.

**Jack B. HEARD, Respondent-Appellee.**

No. 82–2226
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 3, 1983.

Opinion on Reconsideration
April 18, 1983.

Barrie Deon Shelton, pro se.

Joe Foy, Jr., Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before CLARK, Chief Judge, POLITZ and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Barrie Deon Shelton was convicted May 16, 1979 of burglary. He was sentenced to six years in prison. Unable to post bond pending appeal, Shelton has remained in confinement while the appeal of his conviction languished in the Texas courts. His petition for writ of habeas corpus was denied by the federal district court on the ground that Shelton failed to exhaust his state remedies. We reverse the lower court's holding and direct the federal court to hear the merits of Shelton's petition.

Shelton was convicted May 16, 1979; his motion for new trial was denied and notice of appeal was given in the trial court July 23, 1979. On October 22, 1979, the record was completed. It was filed on February 14, 1981 in the Texas Court of Criminal Appeals.

Shelton has served more than half of his sentence and has yet to receive a ruling from the Texas appellate court on the validity of his conviction. His desperate petition to the federal court for collateral review was denied for failure to exhaust state remedies thus generating a classic Catch 22 situation in which Shelton finds himself caught between the gradual wheels of Texas justice and federal rules born of comity.

Shelton argues that the delay in the processing of his appeal has denied him due process of law. The district court erred, he contends, in dismissing his petition for he is not required to exhaust state remedies which are not efficacious.

The State of Texas argues that the delay in this case did not violate Shelton's due process rights. Shelton's appeal was filed during a period of change in the Texas appellate process which was attended by a substantial backlog of cases. Therefore, his case is not atypical. In addition, the state contends, the prejudice to Shelton is speculative since his conviction may be affirmed on appeal. This is not an answer.

■ A prisoner being held in state confinement who seeks relief via habeas corpus must exhaust his state remedies unless "there is either an absence of available state corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b). On their face remedies were available here through the state appellate process. The question is whether the delay in processing Shelton's appeal may make that process ineffective to protect his rights within the meaning of the statute.

■ The requirement to exhaust state remedies is not a jurisdictional limitation on the federal courts. Rather it is a matter of comity between the federal and state courts. *Fay v. Noia,* 372 U.S. 391, 420, 83 S.Ct. 822, 838, 9 L.Ed.2d 837 (1963); *Galtieri v. Wainwright,* 582 F.2d 348, 354 (5th Cir. 1978) (en banc). The forbearance of the federal courts is based upon the assumption that the state remedies available to petitioners are adequate and effective to vindicate federal constitutional rights. *Carter v. Estelle,* 677 F.2d 427, 445 (5th Cir.1982). When those state procedures become ineffective or inadequate, the foundation of the exhaustion requirement is undercut and the federal courts may take action. *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 1202 n. 7, 71 L.Ed.2d 379 (1982).

■ This court has considered on a number of occasions whether delay may geld state procedures so as to render the exhaustion requirement meaningless. It is well settled that "exhaustion is not required

when the state procedures do not afford swift vindication." *Galtieri,* 582 F.2d at 354 n. 12. This court has held that a fifteen-month delay in the state appellate process, *Rheuark v. Wade,* 540 F.2d 1282, 1283 (5th Cir.1976) (per curiam), and a one-year delay in the consideration of a state habeas corpus petition, *Breazeale v. Bradley,* 582 F.2d 5 (5th Cir.1978), are sufficient delays to waive the exhaustion requirement. *See Rheuark v. Shaw,* 628 F.2d 297 (5th Cir. 1980), *cert. denied,* 450 U.S. 931, 101 S.Ct. 1392, 67 L.Ed.2d 365 (1981) (delay of nearly two years from notice of appeal to the date a statement of facts was prepared by court reporter for prisoner's appeal violates due process); *Reynolds v. Wainwright,* 460 F.2d 1026 (5th Cir.) (per curiam), *cert. denied,* 409 U.S. 950, 93 S.Ct. 294, 34 L.Ed.2d 221 (1972) (an "inordinate delay" in State post-conviction process may render the State remedy ineffective); *St. Jules v. Beto,* 462 F.2d 1365 (5th Cir.1972) (per curiam) (seventeen-month delay in consideration of habeas corpus petition by state court renders state remedy inadequate); *Dixon v. Florida,* 388 F.2d 424 (5th Cir.1968) (nineteen-month delay by state court in considering defendant's motion for review of his conviction renders state remedy ineffective).

While we have remanded cases so that fact matters bearing on the significance of delay could be considered, that procedure is not required here. The lengthy delay in considering Shelton's appeal is obviously sufficient to render the appellate remedy ineffective for his case. Delay is truly the deadliest form of denial for him. Thus he is not required to exhaust his state remedies before he may bring this habeas corpus petition. The district court erred in dismissing his petition for lack of exhaustion. The court is instructed to consider the merits of Shelton's petition.

REVERSED AND REMANDED.

ON SUA SPONTE RECONSIDERATION

PER CURIAM:

On *sua sponte* reconsideration, we write only to explain that the principal basis for our previous decision was the unexplained 16-month hiatus between the date the record was completed in *Shelton's* case and the date it was filed in the Texas Court of Criminal Appeals. This delay was sufficient for our reliance upon the principle from *Galtieri v. Wainwright,* 582 F.2d 348,

354 n.12 (5th Cir. 1978) (en banc), that "exhaustion is not required when the state procedures do not afford swift vindication." *Shelton v. Heard,* 696 F.2d 1127, 1129 (5th Cir. 1983).

Our prior order reversing the district court's decision is unaffected by this instant action. The mandate, thus revised, shall be issued instanter.