**Michael Harvey VAIL,
Petitioner-Appellant,**

v.

**W.J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent-Appellee.**

No. 83–2048
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 8, 1983.

Michael Harvey Vail, pro se.

Brenda K. Smith, Asst. Atty. Gen., Enforcement Div., Austin, Tex., for respondent-appellee.

Before CLARK, Chief Judge, POLITZ and HIGGINBOTHAM, Circuit Judges.

CLARK, Chief Judge:

A Brazoria County, Texas jury returned a guilty verdict on June 7, 1978 against Michael Harvey Vail sentencing him to 50 years in prison as a second-time offender under Texas' enhancement statute. More than five years later, Vail's appeal comes to this court from the district court's dismissal of his petition for a writ of habeas corpus. The crux of Vail's appeal is that he has been unable to exhaust his state remedies since the besieged Texas appellate courts have yet to hear his direct appeal. The district court, however, dismissed his petition without prejudice on the ground that he has yet to exhaust his state remedies. Based upon the intervening decision of this court in *Shelton v. Heard*, 696 F.2d 1127 (5th Cir.1983), we vacate the district court's decision and remand for further proceedings.

The jury found Vail guilty on June 7, 1978. He was sentenced on June 20, the day his motion for new trial was denied. He informed the court that day of his intention to appeal. On September 28, the court granted the court reporter an extension of time in which to file a statement of facts. The appellate record and briefs were not mailed to the Texas Court of Criminal Appeals until February 22, 1979. Vail twice filed applications for habeas corpus relief in the state court. Both were dismissed because of his pending direct appeal.

On June 29, 1981, Vail filed in federal district court a petition for a writ of habeas corpus. The petition sought relief because of the inordinate delay by the Texas Court of Criminal Appeals in hearing his case. The petition also complained that the trial court "failed to apply the law to the facts in its charge to the jury." Vail explained that while he was indicted for burglary in violation of section 30.02(a)(3) of the Texas Penal Code, he alleged that the court charged the jury in accordance with section 30.-02(a)(1) of the Penal Code.

On August 5, 1982, the magistrate ordered the state to explain the reasons for the delay in deciding Vail's appeal. Vail was ordered to list his demands and to explain how he was prejudiced by the delay. The state responded with a detailed account of the backlog of cases in the Texas Court of Criminal Appeals. The state also explained that criminal appellate jurisdiction had recently been extended to the Court of Appeals, previously called the Court of Civil Appeals. While that allowed the Court of Criminal Appeals to transfer 1,641 cases from its docket in 1981, the court remained exceptionally busy. Vail's response concentrated on the delay in hearing his appeal, the unavailability of witnesses should he have to be retried and the allegation that he was being held illegally.

On October 22, 1982, the magistrate recommended that the petition be dismissed without prejudice due to Vail's failure to exhaust his state remedies. He also noted that there was no due process violation inherent in delayed appellate action. The district court accepted that recommendation and dismissed the petition on November 15, 1982. Vail appeals to this court claiming that the delay in hearing his appeal has violated his due process rights and that the district court should consider his

habeas petition because of the delay in the Texas appellate process.

For all practical purposes this case is identical to this panel's decision in *Shelton v. Heard,* 696 F.2d 1127 (5th Cir.1983). *Shelton* was premised on an exception to the established rule of comity which requires a federal habeas corpus petitioner to exhaust state remedies. *Shelton* held that a federal habeas court must proceed when state procedures are so long delayed that they render the exhaustion requirement meaningless.

Shelton was sentenced to six years in prison on a burglary conviction rendered on May 16, 1979. His appeal was filed on February 14, 1980. He was incapable of posting bond pending appeal and at the time of the panel decision in February, 1983, Shelton had served more than half his sentence without having his appeal heard. Finding that the state's delay in processing his appeal barred the ordinary requirement of exhaustion of his state remedies, we directed the district court to consider the merits of Shelton's habeas petition.

This case does present some different aspects from those that controlled *Shelton.* Shelton could have completed serving his entire sentence before he could collaterally attack the constitutionality of the procedures that convicted him or even secure a determination of their basic validity on direct appeal. Thus, Shelton may have been either deprived of his constitutional rights by improper trial processes or been innocent of the crime charged or both yet destined to complete a sentence of punishment without permitted or required judicial review. Vail, on the other hand, has two subsequent Harris County, Texas burglary convictions. Appeals in both cases have been dismissed on Vail's motion. Vail is now serving penitentiary terms of 25 and 20 years on each conviction. Both subsequent convictions are the subject of pending habeas corpus proceedings in the United States District Court for the Southern District of Texas. Thus Vail is presently subject to imprisonment on two convictions which are no longer subject to direct review. Furthermore, the length of Vail's sentences are such that it is not probable that he will complete their service or become eligible for parole before direct review is obtained.

It has been nearly five years since Vail was sentenced to prison on the conviction he seeks to attack. Vail's direct appeal has been pending before the Texas Court of Criminal Appeals on complete record and briefs since February 27, 1979. Even with partial relief from the Courts of Appeal, that court's overwhelming backlog has not permitted a decision. The district court took the position that Vail sought only relief from this delay and that it would not entitle him to release. The district court's premise is incorrect. Vail's original petition for habeas relief stresses the charge that the Texas trial court erred in instructing the jury on the nature of the burglary charge. He asserts the error requires a new trial. He also asserts that delay in the accord of this right prejudices his ability to defend himself at such a new trial.

The district court also erred in predicating dismissal of the pending petition without prejudice to refiling when petitioner had exhausted state remedies on the basis that delay would not permit the grant of relief of release from state custody. That is not the issue. The question was whether the federal district court could consider the present delays in processing direct appeals in the Texas courts to be an effective state court remedy that had to be exhausted under comity principles. Since the district court's decision we have held in *Shelton* that it could not.

The dismissal for failure to exhaust is vacated and the cause is remanded for further proceedings consistent with *Shelton.*

VACATED and REMANDED.