# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 5, 2011

No. 10-20426
Summary Calendar

Lyle W. Cayce
Clerk

LAMAR BURKS,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-1809

Before DENNIS, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Lamar Burks, Texas prisoner # 1011723, seeks a certificate of appealability (COA). He seeks to appeal the district court's denial of his application for a writ of habeas corpus ad testificandum for failure to exhaust state remedies. Burks also requests the appointment of counsel, an order requiring his appearance before the district court, and an expedited ruling in this matter.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court correctly construed Burks's writ as a 28 U.S.C. § 2254 petition. *See Kutzner v. Montgomery Cnty.*, 303 F.3d 339, 341 (5th Cir. 2002). Burks must therefore obtain a COA to appeal the district court's denial of his writ. *See* 28 U.S.C. § 2253(c)(1). A COA may issue only if Burks has "made a substantial showing of the denial of a constitutional right." § 2253(c)(2). When, as herein, the district court's denial of § 2254 relief is based on procedural grounds without analysis of the underlying constitutional claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Habeas applicants are required to exhaust state remedies before proceeding in federal court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective." *See* § 2254(b)(1). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 413 F.3d 484, 491 (5th Cir. 2005) (internal quotation marks and citation omitted). Although the record does not reflect that Burks presented his instant claims to the state's highest court on direct appeal, the record shows that Burks filed a state habeas application in 2003. Despite the passage of seven years, there is no indication that the state trial court has acted on that application. *See Burks v. Harris Cnty. Dist. Clerk*, No. WR-72, 881-02, 2010 WL 2617982, at *1 (Tex. Crim. App. June 30, 2010). Jurists of reason could thus debate whether "circumstances exist that render [the available State corrective process] ineffective to protect the rights of the applicant." § 2254(b)(1)(B)(ii); *see Dickey v. Hargett*, 979 F.2d 1533 (5th Cir. 1992); *Breazeale v. Bradley*, 582 F.2d 5, 6 (5th Cir. 1978). In addition, because the district court raised lack of exhaustion sua sponte, prior to service on the State, and without notice to Burks

or the benefit of a complete state court record, it is unclear, without the state record, whether the claims raised in Burks's instant writ were raised in his state habeas application in 2003. *Cf. Day v. McDonough*, 547 U.S. 198, 209-11 (2006) (holding that, as with exhaustion, district court may sua sponte raise time bar issue and dismiss claim, after providing parties with notice and opportunity to respond); *Magouirk v. Phillips*, 144 F.3d 348, 357-59 (5th Cir. 1998) (observing that courts may sua sponte raise exhaustion issue).

The COA, however, inquiry does not end here.  In order for a COA to issue, Burks must show not only that reasonable jurists could debate whether the district court was correct in its procedural ruling but also that reasonable jurists could find it debatable that the petition states "a valid claim of the denial of a constitutional right." *See Slack*, 529 U.S. at 484.  When the petitioner has stated a debatable issue regarding the correctness of the district court's procedural ruling, a COA should issue if either "the district court pleadings, the record, and the COA application demonstrate that reasonable jurists could debate whether the petitioner has made a valid claim of a constitutional deprivation," or if those materials are unclear or incomplete.  *Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004).

At least one claim of constitutional deprivation is discernible from the record, specifically Burks's claim that certain officials knowingly offered perjured testimony to obtain his indictment and conviction. *See Kutzner v. Johnson*, 242 F.3d 605, 608-09 (5th Cir. 2001).  We express no view on the validity of Burks's claim, the accuracy of his factual allegations, or the ultimate resolution of Burks's habeas petition and observe only that reasonable jurists could debate whether Burks has made a valid claim of a constitutional deprivation.  *See Houser*, 395 F.3d at 562.

A COA is GRANTED.  Burks's motion for the appointment of counsel, an order requiring his appearance before the district court, and an expedited hearing are DENIED.  IT IS FURTHER ORDERED that the judgment is

No. 10-20426

VACATED, and this case is REMANDED to the district court for further proceedings consistent with this opinion. *See Houser*, 395 F.3d at 562; *Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998) (stating that, in appropriate cases, this court may grant COA, vacate judgment, and remand without requiring further briefing).