# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20131

United States Court of Appeals
Fifth Circuit

**FILED**

August 6, 2014

Lyle W. Cayce
Clerk

DARRYL WAYNE TAYLOR,

Petitioner–Appellant,

v.

WILLIAM STEPHENS, Director, Texas Department of Criminal Justice, Correctional Institutions Division,

Respondent–Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-573

Before STEWART, Chief Judge, and WIENER and COSTA, Circuit Judges.

PER CURIAM:*

Darryl Wayne Taylor filed a *pro se* petition for federal habeas corpus relief challenging his conviction for aggravated robbery with a deadly weapon. He appeals the dismissal of his petition on exhaustion grounds, arguing that an unjustified delay in the processing of his state habeas corpus application allows him to bypass the exhaustion requirement for federal postconviction relief.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20131

## I

Taylor was convicted of aggravated robbery with a deadly weapon in Texas court, and was sentenced to a prison term of forty years. His conviction was affirmed on appeal, and the Texas Court of Criminal Appeals (CCA) refused his petition for discretionary review. Taylor filed an application for state habeas corpus relief on July 6, 2009, alleging that he was denied the effective assistance of counsel because his lawyer failed to challenge his competency to stand trial. By this time, Taylor's trial counsel had died. Taylor was appointed an attorney, Jules L. Laird, to represent him during the state postconviction process.

On August 10, 2011, Taylor sought a writ of mandamus to compel the trial court to forward his state habeas corpus application to the CCA for failure to resolve the legality of his confinement. The writ was denied, and his state application is still pending.

Taylor filed a petition for federal habeas corpus relief on February 16, 2012. He again asserted his claims of ineffective assistance of counsel, and argued that the state trial court's delay allowed him to bypass the requirement to exhaust state remedies. The district court dismissed the petition without prejudice, concluding that because Taylor's "pending state habeas is under active processing and consideration," the exhaustion requirement is not excused. This court granted a certificate of appealability.

## II

Before a federal court may grant habeas corpus relief, a person in state custody must have "exhausted the remedies available in the courts of the State" unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A)–(B). Taylor concedes that he has not exhausted his state remedies, but argues that an "unjustified delay" in

No. 13-20131

state court relieves him of that requirement. The question on appeal is therefore whether the delay in Taylor's case renders the state process ineffective. 28 U.S.C. § 2254(b)(1)(B)(ii).

Exhaustion may only be bypassed in "'rare cases where exceptional circumstances of peculiar urgency' mandate federal court interference." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (quoting *Ex parte Hawk*, 321 U.S. 114, 117 (1944)). One such circumstance exists when "the state system inordinately and unjustifiably delays review of a petitioner's claims so as to impinge upon his due process rights." *Deters*, 985 F.2d at 795 (citations omitted).

A district court's dismissal of a habeas corpus petition for failure to exhaust administrative remedies is reviewed for abuse of discretion. *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 561 (2012). "A district court abuses its discretion when it dismisses a petition on an erroneous legal conclusion or clearly erroneous finding of fact." *Rodriguez v. Johnson*, 104 F.3d 694, 696 (5th Cir. 1997). A finding of fact on postconviction review "is clearly erroneous only if it is implausible in the light of the record considered as a whole." *Rivera v. Quarterman*, 505 F.3d 349, 361 (5th Cir. 2007) (citation omitted).

Taylor filed his state application in July 2009. When the district court dismissed his federal petition, his state application had been pending for more than three years. This court has excused the exhaustion requirement for shorter periods of delay. *See, e.g., Shelton v. Heard*, 696 F.2d 1127, 1128–29 (5th Cir. 1983) (sixteen-month delay); *Breazeale v. Bradley*, 582 F.2d 5, 6 (5th Cir. 1978) (petition "completely dormant for over one year"). Courts, however, "are to excuse noncompliance with the exhaustion doctrine *only* if the inordinate delay is wholly and completely the fault of the state." *Deters*, 985 F.2d at 796 (emphasis in original) (citations omitted).

No. 13-20131

The district court's factual finding that Taylor's state application was under active processing and consideration is not clearly erroneous. As the district court noted, a Harris County Assistant District Attorney indicated on August 30, 2012 that she was "in the process of preparing proposed findings of fact and conclusions of law." She stated that the preparation of that material was "taking longer than expected," both because of the death of Taylor's trial counsel and because her attempts at contacting Taylor's postconviction attorney were unsuccessful. The district court found this to be sufficient evidence "that petitioner's pending state habeas is under active processing and consideration" such that exhaustion is not excused.

This court finds no reason to disturb the conclusion that the state court has not unjustifiably delayed review of Taylor's claims. A claim of ineffective assistance of counsel takes time to develop, especially when the claim involves mental health issues that may require expert evaluation. The death of Taylor's trial counsel shortly after his conviction makes this inquiry particularly difficult. *See Thomas v. Thaler*, 520 F. App'x 276, 283 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 707 (2013) (noting that the death of trial counsel may frustrate a petitioner's attempt to prove a claim of ineffective assistance of counsel).

Taylor appears to argue that any delay attributable to his court-appointed postconviction attorney is the fault of the state. He notes that his attorney only corresponded with him a single time after he was appointed in 2009. But "a State's effort to assist prisoners in postconviction proceedings"—proceedings in which prisoners do not have a constitutional right to counsel—"does not make the State accountable for a prisoner's delay." *Lawrence v. Florida*, 549 U.S. 327, 337 (2007) (discussing state-appointed counsel's miscalculation of AEDPA's statute of limitations).

No. 13-20131

For these reasons, the district court's finding that the duration of Taylor's state postconviction case had not yet rendered the state process ineffective is not implausible in light of the unusual circumstances of this case. *See Rivera*, 505 F.3d at 361.

\*      \*      \*

Accordingly, the judgment of the district court is AFFIRMED.