82,690-01

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 09 2015

Abel Acosta, Clerk

A T T E N T I O N

To: Abel Acosta/Clerk
    Court of Criminal Appeals
    P.O. Box 12308
    Austin, Tx 78711

No. 117491

Re: Santiago Olivares/Pro se
    TDC # 1607304
    Darrington Unit
    59 Darrington Rd.
    Rosharon, Tx 77583

Hon. Abel Acosta/Clerk, of the Court of Criminal Appeals. Presented herein is a MOTION FOR LEAVE, with a WRIT OF MANDAMUS, that concern the extreme delay of my Habeas Corpus that was filed on September 10, 2012. Relator/Applicant, will show this Honorable Court the requirements and necessity to be granted Mandamus relief.

Relator, however, is incarcerated and Pro se, and begs this court to construe his mandamus format liberally not holding him to the standards of lawyers. Relator has tried his best to follow form and procedure.

## LACK OF COMPLIANCE ON MANDAMUS

Petition was sufficient despite lack of complete compliance with rules governing form. See In re Taylor, 28 S.W.3d 240.

RESPECTFULLY SUBMITTED

Santiago Olivares/Pro se
TDC # 1607304
Darrington Unit
59 Darrington Rd.
Rosharon, Tx 77583

cc                          I

HABEAS TRIAL COURT No. 1174911-A

| EX PARTE | § | IN THE COURT OF |
| SANTIAGO OLIVARES | § | CRIMINAL APPEALS |
| APPLICANT | § | AUSTIN, TEXAS |

## MOTION FOR LEAVE TO FILE AN APPLICATION FOR
## "W R I T    O F    M A N D A M U S"

To the Hon. Abel Acosta/Clerk, of the Court of Criminal Appeals. Comes now Santiago Olivares, TDC inmate # 1607304, and Pro se applicant seeking leave to file a WRIT OF MANDAMUS, and in support of motion will show to wit:

### I

### STATEMENT OF FACTS

On September 10, 2012, Applicant filed a writ of habeas corpus pursuant to **Art. 11.07** of the TCCP., for post-conviction relief. An <u>ORDER DESIGNATING ISSUES</u>(ODI), was signed on September 27, 2012. The ODI failed to order trial counsel to address the claims in Applicant's 11.07, and has since been stagnant in the habeas court.

### II
### APPLICANT'S PURSUIT OF HABEAS RIGHT

First, Applicant has been extremely patient with the court to review and process his habeas 11.07, knowing full well of the court being inundated with cases and habeas writs. However, it has been over **two years** since the ODI, and **no action** has been taken on this 11.07. Applicant has tried an "Informal Resolution" (Exhibit A-1), that was sent to the trial court on August 17, 2014. After hearing no response, Applicant then proceeded with a

cc                                        1

"MOTION TO COMPEL" (Exhibit A-2), sent to the court on October 5, 2014, receiving no response or action from the court.

## III
## INEFFECTUAL PROCESS OF HABEAS CORPUS

Applicant has been diligently patient in the hopes of processing and proceeding his habeas corpus 11.07. However, **2 years** in holding Applicant's 11.07 with no action being taken is well beyond a violation of Applicant's Due process rights under habeas corpus.

Applicant has tried informal(Exhibit A-1), and formal resolutions(Exhibit A-2), to try and reslove this issue. Applicant has also requested for help from the Assistant District Attorney(ADA), (Exhibit A-3 & A-4), who recommended the ODI to the court, with no assistance coming from the ADA.

Applicant has claimed "Actual Innocence," and yet the habeas court refuses to act. Applicant's **only recourse** is help from this honorable court, and its duty to enforce the laws of the **Texas Constitution, Art. 11.07** of the TCCP., and the **Due process** rights of Applicant under the **United States Constitution**(Please see Mandamus for State & Federal law on Habeas Corpus).

## P R A Y E R

WHEREFORE, PREMISES CONSIDERED, Applicant prays this Honorable Court will grant the MOTION FOR MANDAMUS, and ORDER the habeas court to proceed with Applicant's 11.07 within 90 days of receipt of the Mandamus.

RESPECTFULLY SUBMITTED

Santiago Olivares/Pro se
TDC# 1607304

cc

2

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing MOTION FOR LEAVE, has been mailed on this _6th_ day of _January_, 2015. To:

Abel Acosta/Clerk      **AND ONE COPY TO:**      Presiding Judge
Court of Criminal Appeals                           337th District Court
P.O. Box 12308 Capitol Station                 Harris County, Texas
Austin, Texas 78711                               1201 Franklin, 15th floor
                                                 Houston, Tx 77002


Signed on this _6th_ day of _January_, 2015.




RESPECTFULLY SUBMITTED

Santiago Olivares/Pro se
TDCJ # 1607304
Darrington Unit
59 Darrington Rd.
Rosharon, Tx 77583

cc                                    3

HABEAS CASE No. 1174911-A

TRIAL COURT No. 1174911


In re SANTIAGO OLIVARES

R E L A T O R


V.


PRESIDING JUDGE OF THE

337th DISTRICT COURT

IN HIS / HER OFFICIAL CAPACITY

R E S P O N D E N T


P E T I T I O N   F O R   W R I T   O F   M A N D A M U S


SANTIAGO OLIVARES/PRO SE

TDCJ # 1607304

DARRINGTON UNIT

59 DARRINGTON RD.

ROSHARON, TX. 77583


cc                              i

## IDENTIFICATION OF PARTIES AND COUNSEL

Santiago Olivares
TDCJ # 1607304
Darrington Unit
59 Darrington Rd.
Rosharon, Tx 77583
R E L A T O R



Presiding Judge
337th District Court
Acting in His/Her Official Capacity
Harris County, Texas
1201 Franklin, 15th floor
Houston, Tx 77002
R E S P O N D E N T



Santiago Olivares/Pro se
TDCJ # 1607304
Darrington Unit
59 Darrington Rd.
Rosharon, Tx 77583
P R O   S E

# TABLE OF CONTENTS

Introduction of Parties and Cover Page . . . . pg.i

Identity of Parties . . . . . . . pg.ii

Table of Context . . . . . . . . pg.iii

Index of Authorities . . . . . . . pg.iv

Statement of the Case . . . . . . . pg.1

## SUBJECT MATTER

**POINT:** Relator's habeas corpus (11.07), has been in trial court under ORDER DESIGNATING ISSUES for over two years, since September 10, 2012. With no action being taken on the writ.

Statement of Jurisdiction . . . . . pg.2

Issues Presented . . . . . . . pg.3

Statement of facts . . . . . . . pg.4

Summary of the Arguments . . . . . pg.5

Argument . . . . . . . . . pg.6,7,8

      Relator's point (restated). . . pg.6

Conclusion and Prayer . . . . . . pg.8

Certificate of Service . . . . . . pg.9

cc

INDEX OF AUTHORITIES

State Cases                                                          Page

Ex parte Kerr, 64 S.W.3d 414 (CCA.2002).     .     .     .     . pg.7

Ex parte Ramzy, 424 S.W.3d 220 Tex.1968)     .     .     . . pg.7


Federal Cases

Barker v. Wingo, 407 U.S. at 531-32.     .     .     .     . pg.7

Blackledge v. Allison, 431 U.S. 63, 71 (1977)     .     . . pg.7

Davis v. Fetchel, 150 F.3d 486     .     .     .     .     . pg.8

Deter v. Collins, 985 F.2d at 795 (5th Cir.1993) .     . . pg.6

Rheuark v. Shaw, 628 F.2d 297 (5th Cir.1980).     .     . . pg.8

Shelton v. Heard, 696 F.2d 1127 (5th Cir.1983)     .     . . pg.6.7

St.Jules v. Beto, 462 F.2d 1365 (5th Cir.1972)     .     . ..pg.7


State Code

Tex. Code Crim. Proc. 11.04     .     .     .     .     .     . . pg.7

Texas Constitution Art. 1 § 12     .     .     .     .     . . pg.6

Federal Codes

28 U.S.C. § 1361 .     .     .     .     .     .     .     .     . . pg.8

## STATEMENT OF THE CASE

Relator filed for habeas corpus relief on September 10, 2012. State filed its response on September 24, 2012. The Assistant District Attorney(ADA), recognized the severity and meritorious claims that Applicant raised in his 11.07, such as "Ineffective Assistance of Counsel"; and "Actual Innocence" etc., that the ADA filed a "MOTION REQUESTING DESIGNATION OF ISSUES" to the habeas trial court(Respondent).

On September 27, 2012. Respondent in the 337th District Court signed an ORDER DESIGNATING ISSUES(ODI).

Relator request that Respondent ORDER trial counsel to address the allegations in Relator's habeas writ application by way of affidavit, so Relator can rebut his proposed answers and hold an Evidentiary Hearing to address the actual innocence claim.

If trial counsel is unable to comply with this order, Relator request Respondent to make a ruling and recommendation to the Court of Criminal Appeals so his habeas corpus may proceed in a speedy and effectual process.

Relator request this within 90 days of Respondent receiving this ORDER of Mandamus from the Court of Criminal Appeals.

cc                                    1

## STATEMENT OF JURISDICTION

The Court of Criminal Appeals has sole Authority at the State level to address the issue of Relator's complaint within its jurisdictional power.

## ISSUE PRESENTED

## P O I N T

Relator's Habeas Corpus 11.07, has been in the trial
court under ODI for over TWO years, since September 10,
2012, with no action being taken on the writ.

This Honorable Court has the authority and power to force
action to Relator's claim of Respondent taken no action in the
course of review and process of his writ of habeas corpus.

Relator wishes immediate action from this court, forcing
Respondent to act on his writ of habeas corpus in the interest
of justice and fairness and the course of Due process.

cc                                    3

## STATEMENT OF FACTS

Relator filed for Writ of Habeas Corpus challenging the constitutionality of his conviction on September 10, 2012. The state ADA, requested an ODI on September 24, 2012, which the habeas trial court(Respondent), granted on September 27, 2012.

Relator has been extremely patient with the court in the process of his habeas corpus. However, **2 years** with no action being taken on his 11.07 is entirely unexceptable.

Relator has tried an "Informal Resolution"(Exhibit A-1), that was sent to Respondent on August 17, 2014, and after hearing nothing, Relator filed a "Motion To Compel"(Exhibit A-2), sent to Respondent on October 5, 2014, and has asked for help from the ADA who requested the ODI(See Exhibits A-3 & A-4), and has received no recourse from the ADA or Respondent.

Relator and Applicant for habeas corpus only recourse to resolve this issue, is this Mandamus. Relator will argue as follows.

## SUMMARY OF THE ARGUMENTS

POINT OF ARGUMENT: Relator has filed for writ of habeas corpus, claiming "Actual Innocence." The Respondent has failed to abide by the TEXAS CONSTITUTION in keeping the remedy speedy and effectual. Relator has the right of this process, and Respondent has a duty to uphold this right.

**Two years** of Relator's habeas corpus being stagnant in the trial court, with **no action** being taken and no responses to Relator's request, is a clear violation of Relator's **Due process** rights, and the effective, speedy remedy of the **Great Writ of Habeas Corpus.**

cc                                    5

## ARGUMENT

Relator and Applicant for Habeas Corpus(11.07), relief, mailed his writ to the trial court that was received and filed on September 10, 2012. The response from the ADA, recognized the merits of Applicant's claims and requested to the habeas court that Designation of Issues be ordered in their motion that was delivered on September 24, 2012. The Respondent, agreeing with the ADA, signed an ORDER DESIGNATING ISSUES on September 27, 2012.

Relator's habeas writ has been stagnant in the trial court since September 27, 2012. No action, whatsoever, has been taken on the 11.07 for over 2 years. Relator and Applicant for habeas corpus has tried to contact the court through an "Informal Resolution"(Ex.A-1), and a formal resolution with a "Motion To Compel"(Ex.A-2), with copys sent to the ADA(Ex.A-3 & A-4), asking for their assistance in processing the 11.07, with no response or recourse from the State or Respondent.

This state process of the habeas writ has become "efficacious." <u>Shelton</u>, 696 F.2d at 1128 (5th Cir.1983). This "inordinate delay . . . in state review [is] solely attributable to inadequate state procedure." <u>Deter v. Collins</u>, 985 F.2d at 795 (5th Cir.1993).

The Respondent has a duty to uphold the legal process of habeas corpus, and 2 years of stagnation in the trial court is not what habeas corpus was designed for. The **Texas Constitution Art. 1 § 12**, states; "laws shall be enacted to render the remedy speedy and effectual."

The TCCP. Art. 11.04 states; "Every provision relating to the writ of habeas corpus shall be most favorably construed in order to give effect to the remedy, and protect the rights of the person seeking relief under it." See Ex parte Kerr, 64 S.W.3d 414, 419 (CCA.2002)("The purpose of a writ of habeas corpus is to obtain a speedy and effective adjudication of a person's right to liberation from illegal restraint.")(Citing Blackledge v. Allison, 431 U.S. 63, 71, 91 S.Ct. 1621 (1977)("[T]he very purpose of the writ of habeas corpus [is] to safeguard a person's freedom from detetion in violation of constitutional guarantees.") and Ex parte Ramzy, 424 S.W.2d 220, 223 (Tex.1968)("the purpose of the writ of habeas corpus is to obtain a speedy adjudication of a person's right to liberation from illegal restraint").

Relator does not have any other recourse to address the situation of his habeas. Relator has tried to "assert [] his speedy trial right," Barker v. Wingo, 407 U.S. at 531-32, with the informal and formal resolutions(Ex. A-1, A-2, A-3, A-4), that Relator has sent to Respondent and the ADA.

Relator's mandamus request is the last of his state remedies to try and move this habeas process that is suppose to be speedy and effectual. The Fifth Circuit has found that unexplained delays of two years are presumptively prejudicial. See e.g., Shelton v. Heard, 696 F.2d 1127, 1129 (5th Cir.1983); St.Jules v. Beto, 462 F.2d 1365, 1366 (5th Cir.1972)(Stating that seventeen month delay in state habeas court made exhaustion requirement meaningless).

The delay of over two years, is of no fault of Relator/Applicant, and exceeds the limits of Due process that the Fifth Circuit recognize as excessive. See e.g., Rheuark v. Shaw, 628 F.2d 297, 302 (1980).

Relator believes he has established (1) a clear right to relief; (2) a clear duty by the judge to do the act requested, and (3) the lack of any other adequate [State] remedy. 28 U.S.C. § 1361. Davis v. Fecthel, 150 F.3d 486.

## CONCLUSION

Relator believes that he is entitled to Mandamus relief, and has thoroughly showed this court that he has no other remedy for his habeas corpus to proceed.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Relator prays for Mandamus relief from this Honorable Court. And ORDER Respondent to proceed forward on Relator's 11.07 within 90 days of receipt of Mandamus.

RESPECTFULLT SUBMITTED

Santiago Olivares/Pro se
TDCJ # 1607304
Darrington Unit
59 Darrington Rd.
Rosharon, Tx 77583

cc                                      8

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing WRIT OF MANDAMUS, has been mailed on this _6th_ day of _January_, 2015. To:

Abel Acosta/Clerk

Court of Criminal Appeals

P.O. Box 12308 Capitol Station

Austin, Tx 78711

**AND ONE COPY TO:**

Presiding Judge
337th District Court
Harris county, Texas
1201 Franklin, 15th floor
Houston, Tx 77002

Signed on this _6th_ day of _January_, 2015.

RESPECTFULLY SUBMITTED

Santiago Olivares/Pro se

TDCJ # 1607304

Darrington Unit

59 Darrington Rd.

Rosharon, Tx 77583

CC

9

Exhibit
A-1

## ATTENTION

To: Hon. Court Clerk
337th District Court
Harris County, Texas
1201 Franklin, 15th floor
Houston, Texas 77002

Re: Santiago Olivares
TDC# 1607304
Darrington Unit
59 Darrington Rd.
Rosharon, Texas 77583

**Pertaining to writ of Habeas Corpus 11.07 No.1174911-A**

To Honorable Court Clerk,

Enclosed you will find an "INFORMAL RESOLUTION" concerning the status of my 11.07. I would like you to BRING THIS LETTER TO THE ATTENTION OF THE COURT/JUDGE, so that he will have knowledge of the situation and status of the said 11.07. This letter is self explanatory. In the interest of justice & fairness.

Your time and consideration into this matter is greatly appreciated.

                              SINCERELY YOURS
                              RESPECTFULLY SUBMITTED

                              Santiago Olivares 8-17-14
                              Santiago Olivares/Pro se
                              TDC# 1607304
                              Darrington Unit
                              59 Darrington Rd.
                              Rosharon, Tx 77583

CC

I

Exhibit A-1

NO. 1174911-A

| | | |
|---|---|---|
| EX PARTE | § | IN THE 337th |
| SANTIAGO OLIVARES | § | DISTRICT COURT |
| APPLICANT | § | HARRIS COUNTY, TEXAS |
| | § | |

## I N F O R M A L   R E S O L U T I O N

### I

On September 10, 2012. Applicant filed a writ of Habeas Corpus pursuant to Art. **11.07** of the TCCP., for post-conviction relief.

### II

On Septemeber 24, 2012. The Assistant District Attorney(ADA), for Harris county, recognized the severity and meritorious claims that Applicant raised in his 11.07. Such as: "Ineffective Assistance of Counsel"; and "Actual Innocence" etc., that the ADA filed a "MOTION REQUESTING DESIGNATION OF ISSUES" to the Habeas trial court.

### III

On September 27, 2012. The Presiding Judge in the 337th District Court(habeas trial court), signed an ORDER DESIGNATING ISSUES(ODI).

### IV

Applicant has been extremely patient in the court's process of his 11.07. However, it is approaching **2 years** since the ODI, and no order has been sent to trial counsel to address Applicant's merits, nor has an order been issued for an Evidentiary Hearing to resolve Applicant's 11.07 claims.

### V

The **TEXAS CONSTITUTION Art. 1 § 12 HABEAS CORPUS** states: "laws shall be enacted to render the remedy speedy and effectual." As this Honorable court can see, Applicant's 11.07 has not been "speedy and effectual." Id., either due to oversight, misplacement, or sheer neglect. Applicant **PRAYS** this Honorable court will expedite and resolve this issue in an expedient manner.

1

Exhibit
A-1

## CERTIFICATE OF SERVICE

I hereby certify that on this _17th_ day of _August_, 2014.

Was placed in the Darrington Prison mailing system, and forwarded

to said address:  (Regarding INFORMAL RESOLUTION on 11.07)

Presiding Judge
337th District Court
Harris County, Texas
1201 Franklin, 15th floor
Houston, Texas 77002

Signed on this _17th_ day of _August_, 2014.

RESPECTFULLY SUBMITTED

_Santiago Olivares 8-17-14_

Santiago Olivares/Pro se
TDC# 1607304
Darrington Unit
59 Darrington Rd.
Rosharon, Tx 77583

CC                                    2

Exhibit
A-2

# ATTENTION

To: Hon. Court Clerk
    337th District Court
    Harris County, Texas
    1201 Franklin, 15th floor
    Houston, Texas 77002

Re: Santiago Olivares
    TDC# 1607304
    Darrington Unit
    59 Darrington Rd.
    Rosharon, Texas 77583

**Pertaining to Writ** of Habeas Corpus 11.07 No.1174911-A

To Honorable Court Clerk,

Enclosed you will find a "MOTION TO COMPEL" the trial court to act on his habeas corpus (11.07). Being incarcerated, I rely on your duty as court clerk to BRING THIS MOTION TO THE ATTENTION OF THE COURT/JUDGE, so that he/she will have knowledge of the situation and status of this 11.07. In the interest of justice and fairness, your time and consideration into this matter is greatly appreciated.

SINCERELY YOURS

RESPECTFULLY SUBMITTED

Signed on _10-5-14_ .

Santiago Olivares/Pro se
TDC # 1607304
Darrington Unit
59 Darrington Rd.
Rosharon, Tx 77583

CC                                    I

Exhibit A-2

NO. 1174911-A

| EX PARTE | § | IN THE 337th |
| SANTIAGO OLIVARES | § | DISTRICT COURT |
| APPLICANT | § | HARRIS COUNTY, TEXAS |
| | § | |

---

**MOTION TO COMPEL TRIAL COURT TO PROCEED ON APPLICANT'S
STATE HABEAS CORPUS (11.07), UNDER THE TEXAS CONSTITUTION
ART. I § 12, AND THE UNITED STATES CONSTITUTION**

---

Comes Now, SANTIAGO OLIVARES, Pro se Applicant for writ of
habeas corpus, and brings attention to compel this court to act
on his 11.07 habeas in the interest of justice and fairness, and
Due process of State and Federal law.

I

## STATEMENT OF FACTS

On September 10, 2012. Applicant filed a writ of habeas cor-
pus pursuant to **Art. 11.07 of the TCCP.**, for post-conviction re-
lief. On September 24, 2012. The Assistant District Attorney(ADA),
for Harris County, recognized the severity of Applicant's habeas
claims, e.g. "Ineffective Assistance of Counsel"; and "Actual In-
nocence" ect., that the ADA filed a **"MOTION REQUESTING DESIGNATION
OF ISSUES"** to the habeas trial court.

On September 27, 2012. The presiding Judge in the 337th Dis-
trict Court(habeas trial court), agreed with the ADA, and signed
an **ORDER DESIGNATING ISSUES**(ODI).

CC                                    1



## II
## NO ORDER FROM THE COURT

The ODI from the habeas court failed to order trial counsel to address the merits in Applicant's 11.07, nor has the court ordered an Evidentiary Hearing to resolve the habeas claims. Applicant has been **extremely patient** in the process of his 11.07.

However, it has been **2 years** since the filing of his 11.07 and ODI, with no progress being advanced in the process of his habeas corpus.

## III
## RIGHTS & LAWS OF HABEAS CORPUS

First: The **Texas Constitution Art. I § 12 Habeas Corpus** states; "laws shall be enacted to render the remedy speedy and effectual." As this Honorable Court can see, Applicant's 11.07 has not been "speedy and effectual." **Id.,** either due to oversight, misplacement, or sheer neglect.

Second: **Art. 11.04 Tex. Code Crim. Proc.** states; ("Every provision relating to the writ of habeas corpus shall be most favorably construed in order to give effect to the remedy, and protect the rights of the person seeking relief under it."); See **Ex parte Kerr,** 64 S.W. 3d 414, 419 (CCA.2002)("The purpose of the writ of habeas corpus is to obtain a speedy and effective adjudication of a person's right to liberation from illegal restraint.")(citing **Blackledge v. Allison**, 431 U.S. 63, 71, 91 S.Ct. 1621 (1977)("[T]he very purpose of the writ of habeas corpus [is] to safeguard a person's freedom from detention in violation of constitutional guarantees.") and **Ex parte Ramzy**, 424 S.W. 2d 220, 223 (1968)("the pur-

CC                                    2

Exhibit
A-2

pose of the writ of habeas corpus is to obtain a speedy adjudication of a person's right to liberation from illegal restraint").

## IV
## DUTY OF THE COURT

As Applicant has shown herein, it is the duty of this court to abide and enforce these laws. Applicant has claimed "ACTUAL INNOCENCE" in his habeas corpus, yet his 11.07 in the State court has not been "efficacious." Shelton, 696 F.2d at 1128 (5th Cir. 1983). This "inordinate delay . . . in state review [is] solely attributable to inadequate state procedure." Deter v. Collins, 985 F.2d at 795 (5th Cir.1993).

## V
## CONCLUSION

Applicant prays this Honorable Court will immediately ORDER counsel to address the issues in his habeas corpus, and hold an Evidentiary Hearing to address the issue of his "ACTUAL INNOCENCE" claim.

## P R A Y E R

WHEREFORE, PREMISES CONSIDERED, Applicant prays for immediate action on his 11.07 habeas corpus in the interest of justice and fairness.

RESPECTFULLY SUBMITTED

Santiago Olivares/Pro se
TDC # 1607304
Darrington Unit
59 Darrington Rd.
Rosharon, Tx 77583

CC                                 3

Exhibit A-2

# C E R T I F I C A T E   O F   S E R V I C E

I do hereby certify that a true and correct copy of the above and foregoing pleading will be served by placing it in the TDC Darrington Unit mailing system, postage paid, on this _5th_ day of _October_ , 2014, addressed to:

Presiding Judge
337th District Court
Harris County, Texas
1201 Franklin, 15th floor
Houston, Texas 77002

Signed on this _5th_ day of _October_ , 2014.

RESPECTFULLY SUBMITTED

Santiago Olivares/Pro se
TDC # 1607304
Darrington Unit
59 Darrington Rd.
Rosharon, Tx 77583

CC                                      4

Exhibit A-3

# ATTENTION

To: Joshua Reiss/Presiding ADA
    Assistant District Attorney
    Harris County, Texas
    1201 Franklin, Suite 600
    Houston, Texas 77002

Re: Santiago Olivares
    TDC# 1607304
    Darrington Unit
    59 Darrington Rd.
    Rosharon, Tx 77583

**Pertaining to Writ of Habeas Corpus 11.07  No. 1174911-A**

Dear Joshua Reiss/Presiding Assistant District Attorney,

Enclosed is a copy of the "INFORMAL RESOLUTION" that has been sent to the

trial habeas court in the hopes of resolving the claims in the 11.07.

Any help that could be facilitated from your office to expidite the con-

cerns addressed in the 11.07 will be greatly appreciated.

SINCERELY YOURS
&
RESPECTFULLY SUBMITTED

*Santiago Olivares* 8-17-14

Santiago Olivares/Pro se
TDC# 1607304
Darrington Unit
59 Darrington Rd.
Rosharon, Tx 77583

CC                                   I



Exhibit A-4

# ATTENTION

To: Presiding Assistant District Attorney
    Harris County, Texas
    1201 Franklin, Suite 600
    Houston, Texas 77002

Re: Santiago Olivares
    TDC # 1607304
    Darrington Unit
    59 Darrington Rd.
    Rosharon, Texas 77583

Pertaining to writ of habeas corpus 11.07 NO. 1174911-A

Dear Assistant District Attorney,

Enclosed is a copy of a "MOTION TO COMPEL" the trial court to act on my habeas corpus. This motion is self-explanatory, and shows that the state process of the 11.07 has been ineffectual. This motion is to exhaust state issues and procedures. If no recourse becomes of this motion, a Mandamus will ensue, and then by-passing state exhaustion will be necessary for federal review.

This office has asked this court for an ORDER DESIGNATING ISSUES, and yet has failed to facilitate in the process of this habeas. I have sent a copy of an "INFORMAL RESOLUTION" to this office on 8/17/14, that was sent to the habeas court, and still no action has been taken. Applicant asks once again for help from this office to move forward the process of my habeas corpus 11.07.

SINCERELY YOURS

Santiago Olivares    10-5-14
TDC # 1607304
Darrington Unit
59 Darrington Rd.
Rosharon, Tx 77583

CC

I