# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20436

United States Court of Appeals
Fifth Circuit

**FILED**

March 23, 2015

Lyle W. Cayce
Clerk

ALFRED HENDERSON,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-3254

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Alfred Henderson, Texas prisoner # 714885, moves for a certificate of
appealability (COA) to appeal the dismissal without prejudice for failure to
exhaust state court remedies of his 28 U.S.C. § 2254 application challenging
his conviction for robbery – bodily injury.  He also moves for leave to
supplement his COA motion.  Henderson argues that he should be excused
from the exhaustion requirement of § 2254(b)(1)(A).  He notes that his state

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-20436

habeas application has been pending since December 2012, and the state courts have yet to resolve the application.

In order to obtain a COA, Henderson must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  An applicant must demonstrate that reasonable jurists would find it debatable whether the § 2254 application states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling.  *Slack*, 529 U.S. at 484.

Exhaustion may be excused in exceptional circumstances, including "when the state system inordinately and unjustifiably delays review of a petitioner's claims so as to impinge upon his due process rights" and when it would be futile to seek state remedies.  *Deters v. Collins*, 985 F.2d 789, 795-96 (5th Cir. 1993).  Failure to exhaust under these circumstances, however, will only be excused if the delay is "wholly and completely the fault of the state." *Id.* at 796.  In determining whether the delay is violative of due process, the following factors are examined: (1) the length of the delay; (2) the reasons for the delay; (3) the petitioner's assertion of his right; and (4) the prejudice to the petitioner on account of the delay.  *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

Henderson's state habeas application has been pending for more than two years, which exceeds the range we have previously considered excessive. *See*, *e.g.*, *Shelton v. Heard*, 696 F.2d 1127, 1128-29 (5th Cir. 1983); *Breazeale v. Bradley*, 582 F.2d 5, 6 (5th Cir. 1978).  The record contains no explanation for the delay and no information regarding the progress of the proceedings.  In light of the lack of evidence regarding the current state of Henderson's state habeas proceedings and the lack of findings regarding whether the reason for the delay was justifiable, the district court's procedural determination is debatable.  *See Slack*, 529 U.S. at 484.  Additionally, "the district court

pleadings, the record, and the COA application demonstrate that reasonable jurists could debate whether [Henderson] has made a valid claim of a constitutional deprivation." *Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004).

Henderson's motion to supplement his COA application is GRANTED. His motion for a COA is GRANTED, the district court's judgment dismissing the motion as untimely is VACATED, and the matter is REMANDED for further factual development regarding whether the delay in considering his state habeas application is justifiable and the current status of the proceedings. *See id.*; *Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998). If the delay is not justifiable and the matter has not progressed in the state courts, the district court shall proceed to consider the merits of the federal habeas application.