# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

United States Court of Appeals
Fifth Circuit

**FILED**

October 26, 2015

Lyle W. Cayce
Clerk

No. 14-20543

———————

MARLON DANTRUCE WILLIAMS,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

———————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-2098

———————

Before DENNIS and COSTA, Circuit Judges, and ENGELHARDT,* District Judge.

PER CURIAM:**

Marlon Dantruce Williams, a Texas prisoner, moves for a certificate of appealability (COA) and to proceed in forma pauperis (IFP) to appeal the dismissal of his 28 U.S.C. § 2254 application in which he challenged his murder conviction. Williams had filed a state habeas application arguing prosecutorial misconduct and ineffective assistance of counsel. He filed the instant § 2254

---

* Chief Judge of the Eastern District of Louisiana, sitting by designation.
** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20543

application more than two years later, acknowledging that a state habeas application was pending and asking the court to excuse the exhaustion requirement because of the state courts' "inordinate delay" in ruling on his state application.  The district court dismissed Williams's § 2254 application without prejudice for failure to exhaust state remedies.  In his pro se brief, Williams challenges the district court's dismissal of his application, arguing that his state habeas application has been pending for more than three years and that the district court failed to consider whether the exhaustion requirement should be excused.

To obtain a COA, an applicant must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Because the district court dismissed Williams's § 2254 application on procedural grounds, a COA should issue only if he shows "that jurists of reason would find it debatable whether the [application] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A federal court may not grant habeas relief unless the petitioner "has exhausted the remedies available in the courts of the State."  § 2254(b)(1)(A). The exhaustion requirement will be excused "only in those rare cases where exceptional circumstances of peculiar urgency mandate federal court interference."  *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (citations and internal quotation marks omitted).  Relevant to the instant case, such exceptional circumstances exist "when the state system inordinately and unjustifiably delays review of a petitioner's claims so as to impinge upon his due process rights."  *Id.*  To excuse the exhaustion requirement, this inordinate

2

delay must be "wholly and completely the fault of the state," and the applicant must have "clean hands." *Id.* at 796.

In several published opinions predating the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA),[1] this court excused the exhaustion requirement where state courts delayed ruling on a state habeas application for more than a year. *See, e.g., Breazeale v. Bradley*, 582 F.2d 5, 6 (5th Cir. 1978) (excusing exhaustion where state habeas application had been "completely dormant for over one year, and the state has offered us no reason for its torpor"); *Shelton v. Heard*, 696 F.2d 1127, 1128 (5th Cir. 1983) ("unexplained 16-month hiatus between the date the record was completed . . . and filed in the Texas Court of Criminal Appeals" supported waiver of exhaustion requirement).  This case law has never been overruled, and we have continued to apply it in unpublished opinions after AEDPA's enactment. *See, e.g., Henderson v. Stephens*, 598 F. App'x 302, 302 (5th Cir. 2015); *Taylor v. Stephens*, 577 F. App'x 285, 287 (5th Cir. 2014); *Burks v. Thaler*, 421 F. App'x 364, 365 (5th Cir. 2011).

Williams's state habeas application has been pending for more than three years, and there is no evidence of any activity in the last 27 months.  These periods exceed the range we have previously considered excessive. *See, e.g., Breazeale*, 582 F.2d at 6.  The record is silent as to the reasons for this delay because the district court dismissed Williams's application without the Respondent's response.  In light of our case law, it is, at the very least, debatable amongst reasonable jurists whether the district court erred in failing to ascertain whether the delay in processing the state

---

[1] Pub. L. No. 104-132, 110 Stat. 1214.

application was justifiable before dismissing the application for failure to exhaust.[2] *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

As to whether Williams stated a valid claim of the denial of a constitutional right, a complete copy of the state court record is not before this court, and the district court has not analyzed the merits of his application. Where the district court pleadings, the record, and the COA application are unclear or incomplete, this court will grant a COA. *Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004). Accordingly, Williams's request for a COA is GRANTED. Williams's motion to proceed IFP is also GRANTED.

The rule of the Fifth Circuit Plan Under the Criminal Justice Act, § 2 permits this court to appoint counsel to persons seeking relief under § 2254 where "the interests of justice so require and such person is financially unable to obtain representation." *See also* 18 U.S.C. § 3006A(g). Williams is unable to afford representation; he is proceeding IFP. *See Schwander v. Blackburn*, 750 F.2d 494, 502 (5th Cir. 1985). Moreover, Williams's appeal may require the court to decide whether our pre-AEDPA holdings—that an unexplained delay of over one year in processing an applicant's state habeas application excuses the exhaustion requirement—remain valid precedent. The court would be more likely to reach the correct resolution of this issue if attorneys for both Williams and the Respondent argue their respective positions. *See United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008). Accordingly, Williams is APPOINTED COUNSEL. Appointed counsel is ordered to file a supplemental brief on Williams's behalf, to address, among other things,

---

[2] We have yet to squarely decide what effect AEDPA's enactment has had on our pre-AEDPA exhaustion cases, if any. We need not resolve this issue at this time, however. Because these cases have never been overruled, it is, at the least, debatable whether the district court erred in its procedural ruling.

whether this court's pre-AEDPA exhaustion precedent remains good law following AEDPA's enactment.